[15151.  Department One. — May 12, 1893.]

# DAVID HUNTER, RESPONDENT, v. A. J. BRYANT ET AL., APPELLANTS.

PLEADING — AMENDED COMPLAINT — OBJECTION TO ORIGINAL COMPLAINT. — Where
an amended complaint, which is unobjectionable, has been filed in an action,
an objection upon appeal from a judgment therein that the original complaint
failed to state a cause of action is untenable.

ID. — IRREGULARITY IN PLEADING SUPPLEMENTAL MATTER — OBJECTION UPON APPEAL.
— Alleged irregularity in setting out material matters in an amended complaint,

which should have been alleged by supplemental pleading, cannot be questioned for the first time upon appeal upon the claim of the failure of such complaint to state a cause of action.

ID.— STATUTE OF LIMITATIONS — JUDGMENT BY DEFAULT — REVIEW UPON APPEAL. — The question of the statute of limitations cannot be raised upon an appeal from a judgment by default taken upon a judgment-roll containing neither answer nor demurrer.

VACATING JUDGMENT — SERVICE OF SUMMONS — QUESTION OF FACT — CONFLICTING EVIDENCE — REVIEW UPON APPEAL. — Upon a motion to set aside a judgment, upon the ground that certain defendants against whom it was rendered had not been served with summons, the question as to whether or not the summons had been served upon them is one of fact, and where the evidence thereon is conflicting, a finding of the trial court that the service has been made will not be disturbed upon appeal.

ID.— DISCRETION — LEGAL RIGHT — CONSTRUCTION OF CODE. — An application to vacate a judgment for want of service of summons upon or appearance of a defendant, is not matter of discretion, but of pure legal right, and does not arise under section 473 of the Code of Civil Procedure.

ID.— APPEARANCE OF ATTORNEY — EVIDENCE OF AUTHORITY. — The appearance in court of an attorney, claiming to represent a litigant, is *prima facie* evidence of his authority to act, and in order to show want of authority upon the part of the attorney the litigant must present clear and convincing evidence.

OFFICIAL BOND — JOINT AND SEVERAL LIABILITY — EFFECT OF JUDGMENT AGAINST PART OF SURETIES. — In an action upon a joint and several official bond of a county officer, an objection by some of the sureties that judgment had previously been rendered against the other sureties is untenable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing to vacate said judgment.

The facts are stated in the opinion of the court.

*Daniel Titus,* for Appellants.

The judgment was void, as no service of summons was made. The evidence was sufficient to overcome the *prima facie* showing made by the affidavit of service, and the judgment should have been set aside. (*Watson* v. *San Francisco & H. B. R. R. Co.,* 41 Cal. 17; *Cameron* v. *Carroll,* 67 Cal. 500; *Lodtman* v. *Schluter,* 71 Cal. 94; *Wolf* v. *Canadian Pacific,* 89 Cal. 337; *Dougherty* v. *Nevada Bank,* 68 Cal. 276; *Buell* v. *Emerich,* 85 Cal. 116.) The judgments are void because the amended complaint on which the judgments were based was never served on the defendants, who are the appellants here. (*Elder* v. *Spinks,* 53 Cal. 293; *Reinhart* v. *Lugo,* 86 Cal. 399; 21 Am. St. Rep. 52; *Thompson* v. *Johnson,* 60 Cal. 292; Code Civ. Proc., sec. 472.) The unauthorized appearance of an attorney for a

party without authority does not bind· the party for whom the appearance is made, nor does it give the court jurisdiction of his person. (*Merced Co.* v. *Hicks,* 67 Cal. 108; *Baker* v. *O'Riordan,* 65 Cal. 368.) And if there has been an unauthorized appearance by an attorney, and a judgment entered thereon, it will be set aside by the court on the showing of those facts. (*McKinley* v. *Tuttle,* 34 Cal. 235; *Seale* v. *McLaughlin,* 28 Cal. 668.) In such a case it is not necessary to show a meritorious defense. (*Hill* v. *City Cab, etc.,* 79 Cal. 188.) As there was a manifest abuse of discretion in refusing to open the default, the action of the trial court will be reviewed upon appeal. (*Fulweiler* v. *Mining Co.,* 83 Cal. 126; *Blackwood* v. *Cutting Packing Co.,* 71 Cal. 461.) As there had already been a judgment rendered against the co-defendants herein, the judgment herein should not have been rendered. (*Bellzhoover* v. *Commonw.,* 1 Watts, 126; *Williams* v. *McTall,* 2 Serg. & R. 281.)

*Tilden & Tilden,* for Respondent.

As the order refusing to vacate the judgment is not plainly erroneous, the action of the court cannot be held to be an abuse of discretion. (*Bailey* v. *Taaffe,* 29 Cal. 424; *Coleman* v. *Rankin,* 37 Cal. 249; *Gardner* v. *Erlanger,* 86 Cal. 62; *Williamson* v. *Cummings Rock Drill Co.,* 95 Cal. 652.) The appearance of an attorney is *prima facie* evidence of authority, and in order to show want of authority it is incumbent upon the party represented to make out a clear case by cogent and strong evidence. (*Garrison* v. *McGowan,* 48 Cal. 600; *Suydam* v. *Pitcher,* 4 Cal. 280. See *Seale* v. *McLaughlin,* 28 Cal. 668; *Jackson* v. *Brown,* 82 Cal. 275; *People* v. *Harrison,* 84 Cal. 607; *Fitzgerald* v. *Fernandez,* 71 Cal. 504; *Carpentier* v. *Oakland,* 30 Cal. 446.)

GAROUTTE, J. —This is an appeal from the judgment and also from the order of the trial court denying a motion to set aside the default and judgment taken against the appellants, John L. Koster and H. Plagemann.

1. The appeal from the judgment is based upon the contention that the original complaint did not state a cause of action. Conceding for the purposes of the case that the original com-

plaint was lacking in essentials, still the amended complaint is unobjectionable, and that is the pleading upon which the judgment was rendered. Admitting that material matters are set out in the amended complaint which should have been alleged by supplemental pleading, such an irregularity cannot be questioned for the first time in this court upon the claim of the failure of the plaintiff to state a cause of action; neither can the plea of the statutes of limitations avail appellants upon an appeal on a judgment-roll containing neither answer nor demurrer.

2. It is insisted that the judgment should be set aside because appellants were not served with summons. The evidence upon this point is full and conflicting, and upon that evidence the trial court denied the motion to set aside. The contentions of the respective parties in this regard created a pure issue of fact, and upon that conflict of evidence the court found that service of summons had been made, and there being sufficient evidence to support the finding, we will not disturb it. While it is said in *Buell* v. *Emerick*, 85 Cal. 116: "The power of the court should be freely and liberally exercised . . . . so as to dispose of cases upon their substantial merits," that language of the court has no reference to the question here involved. This is not a matter of discretion in the lower court, but a matter of pure legal right, and does not arise under the provisions of section 473 of the Code of Civil Procedure. (See *Norton* v. *A. T. & S. F. R. R. Co.*, 97 Cal. 388.)

3. It is insisted that the judgment is void because the amended complaint upon which the judgment was based was never served upon appellants. This objection to the validity of the judgment involves the authority of one W. C. Burnett, an attorney-at-law, to represent appellants in the litigation; for subsequently to the filing of the amended complaint, Burnett appeared in court claiming to represent appellants, and attacked the pleading both by motion and demurrer, and his appearance for such purpose was a waiver of personal service thereof, either upon him or his clients. Was Burnett authorized to represent appellants in this litigation? The trial court has so found the fact, and it is only upon a clear case to the contrary that we would disturb that finding. If the original com-

plaint stated a cause of action, which is a matter we do not find it necessary to decide, the summons being served upon appellants as the court has found, then under no aspect of the case can they complain, for, as said in *Fitzgerald* v. *Fernandez*, 71 Cal. 509: "In such a case if there had been no appearance for her, the plaintiff would have been entitled to a default and decree against her, and his position should not be held worse by an appearance with which he had no connection." Aside from the foregoing conditions, the appearance in court of a regularly licensed practitioner, claiming to represent a litigant, is *prima facie* evidence of his authorization to act, and to defeat the results of a protracted and important litigation by reason of a warrant of authority in the attorney to represent the unsuccessful litigant can only be done upon a showing entirely clear and convincing. Without entering into a detailed review of the evidence bearing upon this question, we conclude the subject by saying we are well satisfied that the history of the litigation, as disclosed by the record, does not make a satisfactory showing of want of authority in the attorney to represent appellants throughout the many years in which this litigation has been pending. They have not established their claim of lack of authority in the attorney to represent them by "cogent and strong evidence," and it was said in *Garrison* v. *McGowan*, 48 Cal. 600: "But the act of the attorney in entering the appearance of a defendant carries with it a presumption of due authority upon his part to do so. Therefore, if after an appearance entered, judgment be rendered against the defendant, and the latter seeks relief against the judgment on the ground of want of authority of the attorney to enter his appearance, it is incumbent upon the party 'to make out a clear and unmixed case.' He is required to show merit, to take prompt action, and to establish his right by 'cogent and strong evidence.' There would, indeed, be little security afforded by judicial proceedings had, if a party who had been unsuccessful in litigation could overthrow or defeat them upon the simple suggestion of want of authority in his attorney to appear for him, or to conduct the controversy on his behalf."

4. Appellants and others were sureties upon the official bond of one Hubert, treasurer of the city and county of San Fran-

cisco. The obligation of the sureties was joint and several, and the fact that judgment had been previously taken against appellants' co-defendants in no way invalidates respondent's right to have judgment entered against them.

For the foregoing reasons the judgment and order are affirmed, and this order is directed to be entered as of date May 1, 1893.

HARRISON, J., and PATERSON, J., concurred.

Hearing in Bank denied.