## BRONOUGH v. JONES et al.

No. 25143.    Sept. 10, 1935.

Gordon Fuller and I. C. Sprague, for plaintiff in error.

M. F. Hudson and Bascom Coker, for defendants in error.

PER CURIAM. This is an action by plaintiff in error, hereinafter referred to as plaintiff, against defendants in error, hereinafter referred to as defendants, to recover damages in the sum of $200, with interest. It is alleged by plaintiff that during the years 1925 to 1929. defendant J. R. Jones was the qualified and acting sheriff of McCurtain county, and that the defendant the United States Fidelity & Guaranty Company was surety on the official bond of the said defendant J. R. Jones; that during said period plaintiff herein instituted suit in the district court of McCurtain county against V. P. Strawn and caused an attachment to be issued and levied upon two bales of cotton of the appraised value of $200; that the defendant herein, J. R. Jones, as sheriff of said county of McCurtain. after taking possession of said attached property, wrongfully released the same to the damage of the plaintiff herein; that thereafter judgment was rendered in said cause against the defendant V. P. Strawn therein, and that said attachment was in said judgment sustained.

Defendants admit the taking and release of said property. but allege that the release thereof was with the knowledge of and under instructions from plaintiff and his attorney of record in the case in which the attachment was issued; that at the time the plaintiff obtained a judgment in said cause, he and his attorney of record were fully aware of the fact that plaintiff had theretofore instructed the defendant J. R. Jones to release said attached property, and that plaintiff was not entitled to judgment sustaining said attachment theretofore issued.

The case now being considered was tried to a jury. A verdict was returned for the defendants, upon which judgment was rendered. Motion for new trial being overruled, the cause comes regularly here on appeal.

The plaintiff made no attempt to prove actual damages. The case was apparently tried on assumption by the attorneys as well as by the trial court that if a wrongful act was committed, damages would be presumed.

The controverted question of fact was whether I. C. Sprague, attorney of record for the plaintiff, V. Bronough, in the former action in which the attachment was issued, advised and directed the defendant J. R. Jones, as sheriff, to release said attached property. The evidence appears to be conflicting on this point.

Plaintiff's first two assignments of error when considered together were to the effect that the verdict is not sustained by the evidence, but is contrary thereto.

The trial court without objections from counsel instructed the jury in part as follows:

"The burden in this case is on the defendant Richard Jones to show by a fair preponderance of the evidence that I. C. Sprague, attorney for the plaintiff in this action, advised him, J. R. Jones, to release the property attached in this case. If you find by a fair preponderance of the evidence that I. C. Sprague did advise or tell him to release the property from attachment you should find for the defendant. If you fail to find by a fair preponderance of the evidence in this case that I. C. Sprague did advise or tell him to release the property from attachment, you should find for the plaintiff."

With this instruction the jury returned a verdict for the defendants, thereby finding the preponderance of the evidence in favor of the defendants. This being true, this court will not review and weigh the evidence to determine whether its preponderance was correctly placed by the jury. Carr v. Maxwell Trading Co., 24 Okla. 759, 104 P. 333.

Under the third and fourth assignments of error plaintiff contends that the trial court admitted incompetent, irrelevant, and immaterial evidence in permitting the defendant J. R. Jones to testify that, in his opinion, the attached property was not the property of the defendant in the cause then pending, and also contends that the trial court committed error in not permitting the witness J. N. Fortner, attorney for the defendant in the former cause, to testify that he had heard nothing about the attached property being released. The record has been examined as to these two assignments of error, and while it would appear that the admitted evidence complained of is immaterial, we are of the opinion that it was not prejudicial to the rights of the plaintiff. Likewise, we find no error in excluding the testimony of witness J. N. Fortner complained of.

Plaintiff's fifth assignment of error is directed to the trial court's refusal to sustain plaintiff's objections to the introduction of any evidence on the part of the defendants for the reason that the allegations of defendants' answers do not state a defense to the cause of action alleged in plaintiff's petition.

Plaintiff's objection to the introduction of evidence at the trial was the first challenge to the sufficiency of the answers. This court has held that proper practice in such cases is by motion to make more definite and certain or by demurrer, and where it is challenged solely by objections to the introduction of evidence at the trial, such objections should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought. Amsden Lumber Co. v. Wilkinson, 96 Okla. 243, 221. P. 513. Following the principle announced in the case above cited, we find no error in the overruling of plaintiff's objections to the introduction of evidence on the part of defendants in this cause.

Under this assignment of error plaintiff in his brief raises the question whether I. C. Sprague, plaintiff's attorney of record in the cause in which attachment was issued, had authority to give oral permission to the defendant J. R. Jones, as sheriff, to release the attached property in the absence of specific authority from his client, plaintiff in this cause.

The validity of certain notices given by attorneys for their client was considered by the Supreme Court of the Territory of Oklahoma in the case of Thos. Nolan v. St. Louis & San Francisco Railroad Co., 19 Okla. 51, 91 P. 1128, in which case the court held:

"Any duly authorized attorney may, after the subject-matter has been placed in his hands, give any notice affecting the substantial rights of his client which the client himself might have given and those affected by such notice must take notice of it."

In discussing this case the court used the following language:

"The word 'attorney' as used in this case means an attorney at law, and an attorney at law in this territory is an officer of the court, authorized to appear therein, and as such present to the court for its consideration the interests of his client, as well as to appear generally for his client, with reference to the transaction of business usually confided to members of the legal profession,

and are before being authorized to appear in court or to do business as an attorney at law, required to prove their qualification and to take an oath that in the transaction of business as attorneys they will do no falsehood nor consent that any be done in court, and will not knowingly promote, sue, or procure to be sued any false or unlawful suit. These requirements of the law have given to attorneys, admitted to the practice of the law, a status before the courts, and with reference to business they assume control of, different from that of other agents. A presumption follows their act, when acting for another, that they are authorized by such other to act for him touching the particular subject-matter."

Corpus Juris, vol. 6, page 664, states the following general rule:

"The general rule is that an attorney has authority to release an attachment of property of the debtor whenever it may appear advisable for the interests of his client. The ground of distinction is that his power of control over the proceedings in the case so far as his client's remedy alone is concerned is almost unlimited and authorizes him to take any step including the release of attachments or the waiver of the lien of other ancillary mesne process, but he cannot release the lien of a judgment or execution for the reason that after judgment his powers are much curtailed and extend then only to such matters as assist in the collection of the debt or the enforcement of the judgment."

Following the rule announced in the case of Thos. Nolan v. St. Louis & San Francisco Railroad Co., above cited we are of the opinion that when I. C. Sprague, attorney of record for the plaintiff in the case then pending, advised or told J. R. Jones, sheriff, to release the attached property in question, said advice or information was presumed to be given with authority of his client and was as effective to justify the said sheriff in releasing the property as though it had been given by the plaintiff himself.

Under this assignment of error the plaintiff also raises the question of law whether J. R. Jones, sheriff, had any lawful right to release the attached property without an order of court, even though he had been advised and told to release the same by plaintiff's attorney. The jury having found that the said J. R. Jones, sheriff, was told and advised by plaintiff's attorney to release said attached property, and it appearing from the foregoing that the said sheriff had a right to presume that such advice and information was authoritatively given, it would appear unnecessary to determine whether such release without an order of the court was valid. Whether said act was or was not wrongful, plaintiff, having participated in said act to the extent of advising and telling the defendant to release said property, cannot now recover damages on account of such release. In the case of Mangum Electric Co. v. Border, 101 Okla. 64, 222 P. 1002, this court held the general rule of law to be that one cannot recover damages for an act in which he actively participated without being induced to do so by fraud or misrepresentation.

For the reasons stated, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. C. Franklin, Mather W. Eakes, and Ray S. Fellows in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Franklin and approved by Mr. Eakes and Mr. Fellows, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ, concur.