## WISE v. WISE.

No. 23969.   Dec. 17, 1935.

W. W. Pryor and Hugh M. Sandlin, for plaintiff in error.

Anglin & Stevenson, for defendant in error.

PHELPS, J.   This is a divorce action. The defendant husband, in appealing, does not contest that part of the judgment awarding the plaintiff a divorce, but does contend that the portion of the judgment involving property settlement and alimony is not supported by the evidence. The court awarded plaintiff all of the household furniture, valued at approximately $2,500, but further decreed that the defendant, should he desire to do so within a certain stated time, could pay to the plaintiff the sum of $1,000 in lieu of the furniture. Both the trial court and the appellant speak of this judgment as constituting a lien on the furniture, but the journal entry does not so provide, and it seems obvious that in the strict sense there is no lien upon the furniture at all, but that it is merely an alternative judgment; that is, that the defendant may satisfy the judgment by either delivering the furniture or paying the $1,000 in lieu thereof.

The plaintiff was 19 years of age, part Indian, and married the defendant, also 19 years old, a full-blood Indian, on September 9, 1930. Shortly after their marriage he began a course of conduct which was termed by the petition as being almost extreme cruelty,—consisting of habitual drunkenness, striking, cursing, and abusing plaintiff both in private and public, and twice shooting at her. They lived together about a year, when the defendant's conduct forced a separation. There were no children. The defendant's contention is that the undisputed testimony in the record is to the effect that he owned no property and had no income and that therefore it was not within the power of the trial court to award any alimony, on account of the fact that our statutes provide that such alimony shall be awarded "out of the husband's real and personal property." (Section .672, O. S. 1931.)

It is unnecessary to consider the assertion that it is necessary that defendant own property or have an income before the trial court may award alimony, for we believe that in spite of certain testimony of the defendant, his father and mother, to the effect that he was penniless and without income, the court was amply justified in concluding that such was not the case. In addition to the allowance allowed him by his father, the defendant drew $75 monthly from the Indian Department until after the divorce case was filed. Although he and other witnesses testified that he had never worked at a job, he elsewhere testified that his father gave him a new automobile every year, and that the automobile which had been given him just a few months prior to the trial was and is of a well-known high-priced make. The father testified that he bought it for the defendant son, and that portion of his testimony which, under the leading questions of the defendant's attorney, sought to elicit statements from the witness that the car was merely loaned to the son, and that the furniture was loaned to the son, was very unsatisfactory, ambiguous, and equivocal. Although the father testified that he gave the furniture to the defendant, at other places in the record he is quoted as having stated he was "buying it for Leo," and when the father was asked when he got the last car he answered, "I gave it to him."

At the time of the trial the defendant was still occupying the house used by the parties while married, and was in possession of the furniture. He was not living with his parents, who owned a house completely furnished with their own furniture. Although not engaged in any gainful occupation, he was nevertheless driving an expensive automobile, living royally, still drinking and apparently not beset by a care in the world. It is entirely immaterial whether his income is derived by gift or as the fruit of his own labors,—it cannot be denied that the income is present, nevertheless.

Under these circumstances it would be going too far to say that the trial court should consider only the direct evidence and entirely blind himself to the circumstantial evidence. It was said in Marland Refining Co. v. Snider, 120 Okla. 116, 251 P. 989, that:

"Facts may be proved by circumstantial as well as by positive or direct evidence, and it is not necessary that the proof rise to that degree of certainty which will exclude every other reasonable conclusion than the one arrived at."

This doctrine has been followed a number of times, including Marland Refining Co. v. Snider, 125 Okla. 260, 257 P. 797, and White v. Roach, 165 Okla. 143, 25 P. (2d) 333.

Undisputed credible testimony, not inherently improbable, is generally binding upon the court or jury, but evidence is not regarded as undisputed if it is at variance with the facts and circumstances in the case or reasonable inferences to be drawn therefrom or from other evidence.

If circumstances or physical facts contradict the otherwise undisputed testimony, the reasonable inferences arising from said physical facts or other circumstances nevertheless constitute evidence themselves, and may be of sufficient weight and importance to override or outweigh the undisputed oral testimony. Such was the case here. The defendant's apparent assets, but more particularly his manner of living, were wholly at variance with his contention of no income or property. The trial court was correct in considering those factors, as well as the oral testimony.

Judgment affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.