### BURKHART et al. v. LASLEY et al.

No. 27511.   Feb. 1, 1938.

D. E. Foley and John L. Arrington, for plaintiff in error Burkhart.

E. H. Mattingly, for remaining plaintiffs in error.

J. C. Cornett, C. S. Macdonald, F. W. Files, and Ralph A. Barney, for defendants in error.

PHELPS, J. The defendant's wife obtained a divorce from him while he was in the penitentiary. She died before his release, and subsequently he filed a petition to vacate the decree. At the hearing upon said petition, in which he was opposed by the executrix of his ex-wife's estate, and by her heirs and beneficiaries, considerable evidence was heard, and the trial court denied the petition to vacate, from which order the defendant appeals.

The controlling question is whether the court's finding, to the effect that the defendant had authorized an attorney to appear for him in the divorce action, and thereby entered his appearance therein, is supported by the evidence. That being the contention, it will be necessary to review the evidence in considerable detail.

The defendant was committed to the federal penitentiary at Leavenworth, Kan., for the crime of counterfeiting, and entered that institution on March 18, 1934. His wife, and also his brother, lived in Osage county, Okla. His wife filed her petition for divorce in the district court of Osage county on May 11, 1934, on the grounds of extreme cruelty and conviction of a felony. She had a summons served upon him personally, by a deputy sheriff of Leavenworth county, Kan., while he was in the penitentiary. She did not file the affidavit necessary in cases where jurisdiction is acquired by service of summons upon the defendant when he is out of the state (First State Bank, etc., v. Lattimer, 48 Okla. 104, 149 P. 1099), and the parties concede that by such process the court did not acquire jurisdiction.

Nevertheless, as a part of the facts of the case, the defendant did receive the summons and shortly thereafter stated to a penitentiary guard by the name of Arnold, who testified by deposition, that his brother was coming to see him and that he wanted the guard to expedite the brother's pass, since the visit was on important business connected with the divorce action. He also stated to the guard, according to the guard's testimony, that he intended to ask his brother to get a lawyer to represent him in the divorce action. The next day his brother arrived at the penitentiary and the defendant was called to the visiting room. When he had almost arrived at the visiting room, and upon being told that it was his brother, he asked and was granted permission to return to his cell, in order to get the summons, which he had left there, so that he could have it while talking with his brother. He returned to his cell, obtained the summons, came back to the visiting room, and conversed with his brother for about two hours, talking over the divorce and other matters.

The brother returned to Pawhuska, in Osage county, and engaged an attorney to represent the defendant in the divorce action. It is conceded that defendant was of the opinion that if the trial could be delayed long enough his wife would reconsider and a reconciliation would take place. The brother told the attorney of this, and asked him to delay the proceedings as long as he could. The attorney had some success in delaying the case, for the trial was held October 29, 1934, which was about five and a half months after the petition had been filed.

If the attorney was authorized to represent the defendant in the divorce action, he having filed an answer and other pleadings in the case, this constituted an appearance on behalf of defendant and the defective process in connection with the summons is immaterial. On the other hand, if the attorney was not authorized to appear for the defendant, the court did not acquire jurisdiction of the person of the defendant. The parties agree that the case is governed entirely by the question whether the attorney was authorized to appear for the defendant.

The defendant points out that all of the testimony is to the effect that when the defendant's brother visited him in the prison the defendant did not authorize him to retain an attorney. The defendant himself so testified. His brother was present in the courtroom, but was not called as a witness by the defendant. The defendant's opponents then called him, and he testified that the defendant had not authorized him to engage an attorney. They then produced a sworn statement of his to the contrary, which he had formerly made to a federal investigator, wherein he had stated that defendant had authorized him to engage an attorney, and had suggested one named attorney in particular. The trial judge did not permit the introduction of this statement into evidence, however. The attorney who had represented the defendant in the divorce action testified, but was unable to recall whether the brother had expressly stated to him that the defendant had authorized him to engage an attorney.

The burden of proof was of course upon the defendant. The authority of an attorney to appear for the person whom he is representing in court is presumed. Nolan v. St. L. & S. F. Ry. Co., 19 Okla. 51, 91 P. 1128; Bronough v. Jones, 173 Okla. 386, 49 P. (2d) 715. Strictly speaking, the question in the present case is not whether there is sufficient evidence to sustain the judgment. The real question is whether the evidence produced by the movant was such that it required the opposite judgment as a matter of law.

Where a judgment, regular on its face, is sought to be vacated on the ground that the summons was not served upon the defendant as stated by the officer in his return, the

proof must be clear and convincing. Jones v. Jones, 57 Okla. 442, 154 P. 1136; Rowe v. Rowe, 175 Okla. 271, 52 P. (2d) 869. Since a general appearance in court by an attorney, who is an officer of the court, usually has the same effect as the serving of summons, there is no reason why the same rule should not apply. In fact we find that in those states where the question has arisen it has been held that the presumption of authority of the attorney to appear for his client may afterward be overthrown only by clear, cogent, and convincing evidence. Hunter v. Bryant, 98 Cal. 247, 33 P. 51; Turner v. Turner, 33 Wash. 118, 74 P. 55; Winters v. Means, 25 Neb. 241, 41 N. W. 157, 13 Am. St. Rep. 489; Swift v. Lee, 65 Ill. 336. No doubt there are many other such decisions.

Naturally, some leeway must be left for the discretion of the trial judge in instances such as the present one. While undisputed credible testimony which is not inherently improbable is usually binding upon the court or jury, nevertheless if it appears from review of the whole record that such testimony is so much at variance with the circumstances of the case, or with the reasonable or probable, as to appear questionable, the trier of the facts may be justified in not believing it. As stated by us in Wise v. Wise, 175 Okla. 310, 52 P. (2d) 715:

"Undisputed credible testimony not inherently improbable is usually binding upon the court or jury, but evidence is not regarded as undisputed if it is at variance with facts and circumstances in the case or reasonable inferences to the drawn therefrom or from other evidence."

The defendant had been convicted of a felony involving acts of deceit and dishonesty, namely, counterfeiting. That fact alone may have been sufficient to authorize the trial judge in doubting his credibility. His motives and his financial interest in the outcome of the lawsuit were as open to question, as affecting his credibility, as those of any other witness. His admitted desire to delay the divorce proceedings, the instructions to that end given by his brother to the attorney immediately upon the brother's return from visiting him in the penitentiary, his statement to the guard that he wanted his brother to get the lawyer for him, and other facts and circumstances in the case were clearly at variance with his testimony.

Nor may we say that the trial judge should necessarily have believed the brother's testimony. It, too, was inconsistent with his conduct and, considered in connection with the other facts in the case, was open to

serious question. At any rate, having in mind the high degree of proof required in such cases, we cannot hold that the trial judge erred in refusing to accord the evidence of movants the weight or importance necessary to vacate a judgment on the grounds alleged.

The judgment is affirmed.

BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.