CUMMINS v. CHANDLER.

*97 P. 2d 765.*

No. 29300.   Dec. 12, 1939.

A. J. Morris, of Anadarko, for plaintiff in error.

S. C. Edmister and Wm. Blake, both of Tulsa, for defendant in error.

DANNER, J.   C. C. Cummins and M. J. Mitchell, record owners of an oil and gas lease, filed an action against Wm. Chandler, oil well driller, to recover damages for alleged faulty workmanship in the defendant's drilling of a well on the lease, and also praying that the defendant's lien on the lease be canceled. The defendant filed an answer and cross-petition, denying faulty workmanship and praying judgment against plaintiffs for the unpaid balance of the drilling contract price, and foreclosure of the lien.

The case was set for trial, and the plaintiffs defaulted, not appearing by their attorneys or in person. Judgment was entered for the defendant as prayed for in his cross-petition.

Subsequently other attorneys appeared for plaintiffs and filed a motion to vacate the judgment. This motion was set down for hearing, at which the attorneys for both sides of the case appeared, and at the conclusion thereof the court vacated the judgment.

The case was again set for hearing, and when the day of trial arrived the same attorneys appeared for plaintiffs as had appeared in the vacation proceedings, and the plaintiff Mitchell appeared in person. The trial resulted in a verdict and judgment for defendant, substantially the same as in the first trial.

The plaintiff C. C. Cummins then filed the present action, to vacate the second judgment, described in the preceding paragraph, on the ground that the court lacked jurisdiction over his person and was therefore without power to render any judgment against him on defendant's cross-petition. The trial court heard evidence and refused to vacate the judgment, and the plaintiff C. C. Cummins appeals.

On appeal he makes the same contention that he did in the trial court, that his evidence proved the lack of authority of any attorney to appear for him at any stage of the proceedings. We do not believe that his evidence was of such nature as to compel that finding, and hence we are not persuaded that the judgment should be reversed. Before considering the evidence in more detail, let us first become reminded of the proper rules of admeasurement.

The authority of an attorney to appear for the person whom he is representing in court is presumed, but the presumption is rebuttable. Burkhart et al. v. Lasley et al., 182 Okla. 43, 75 P. 2d 1124; Nolan v. St. Louis & S. F. Ry. Co., 19 Okla. 51, 91 P. 1128; Bronough v. Jones, 173 Okla. 386, 49 P. 2d 715. Therefore, both because of the presumption and because of his position as petitioner attacking the judgment, the burden was

on plaintiff to prove such lack of authority.

Next, what degree of proof was required of plaintiff? Where it is sought to vacate a judgment on the ground that the attorney appearing for a party was not authorized to so appear, the proof of such lack of authority must be clear and convincing. Burkhart v. Lasley, 182 Okla. 43, 75 P. 2d 1124; Hunter v. Bryant, 98 Cal. 247, 33 P. 51; Turner v. Turner, 33 Wash. 118, 74 P. 55; Winters v. Means, 25 Neb. 241, 41 N. W. 157, 13 Am. St. Rep. 489; Swift v. Lee, 65 Ill. 336.

Plaintiff's proof in this connection consisted of his simple statements that he did not authorize any attorney to appear for him. Opposed to this, we have not only a considerable amount of circumstantial evidence of a convincing nature, but we also have his own contrary statement, elicited under cross-examination, which will be recounted more in detail later.

Attorneys Wiley and Fulling, of Tulsa, filed the petition originally for the plaintiffs Mitchell and Cummins. They did this at the instance of the plaintiff Mitchell, who was co-owner of the lease with plaintiff in error, according to the records and the face of the lease. The plaintiff Cummins (plaintiff in error) lived in Anadarko.

When the case was first set for hearing, Attorney Wiley wrote to Mitchell and also to Cummins, at his proper address in Anadarko, advising of the setting and requesting his fee. Wiley received no answer. The case was stricken from the trial docket. It was again set. Wiley again wrote both plaintiffs. No answer was received. Then the first judgment was taken, as related above. The foregoing was according to the testimony of Wiley. Cummins testified that he did not receive those letters, as well as also testifying that he did not receive various other communications, receipt of which was evidenced by his admitted signature on United States registered mail receipt cards. Therefore, whether Cummins received the letters was a question of fact for the exclusive determination of the trial court, and we are bound by the trial court's evident finding, which must in this court be taken as true for the purposes of this opinion, that Cummins did in fact become notified by said letters. Keeling v. Travelers Ins. Co., 180 Okla. 99, 67 P. 2d 944.

At this point we would be expected to go off on the question of ratification, but it is unnecessary. In spite of plaintiff's testimony that he authorized no attorney to appear for him, nor authorized anyone to engage any attorney, he admitted that when he was informed of said judgment he told his father (who he contended was the real co-owner of the lease with Mitchell) of said circumstances, and, in substance, directed his father and Mitchell to do what was necessary in order to "see about" the lawsuit. Pursuant thereto, his father and Mitchell retained the law firm of Tant & Estes, in Oklahoma City, who succeeded in setting the judgment aside, and who then represented both plaintiffs when the case was again tried and resulted in the present judgment against plaintiffs.

Several telegrams and letters not hereinbefore discussed, all of them bearing in one way or another upon the present controversy, were described by the defendant's witnesses as having been sent Cummins, some of them by registered mail with receipt cards signed by Mr. Cummins. He at first, that is, on direct examination, denied receipt of any such communications, and then in at least one instance reversed himself on cross-examination.

Under those circumstances there is no necessity of considering the question of ratification of the authority of any of the attorneys to appear for him. It is simply a case where the trial court was not bound to believe his testimony at all. Undisputed credible testimony not inherently improbable is usually binding upon the court or jury, but evidence is not regarded as undisputed if it is at variance with the circumstances in the case or reasonable inferences to be drawn therefrom or from other evidence. Wise

v. Wise, 175 Okla. 310, 52 P. 2d 715; Carlisle v. State ex rel. Harris, County Atty., 178 Okla. 231, 62 P. 2d 617; Burkhart v. Lasley, 182 Okla. 43, 75 P. 2d 1124; Eisminger v. Mitchell, 181 Okla. 333, 73 P. 2d 862, 865.

Nor is a court bound to accept testimony as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which alone, or in connection with other circumstances in evidence, justify an inference that the evidence is false. Carlisle v. State ex rel. Harris, County Atty., 178 Okla. 231, 62 P. 2d 617.

It is, of course, not the office of this court to say when a witness is testifying falsely. The scope of our inquiry is measured by the record. And if the record indicates that a witness has contradicted himself in material respects, as distinguished from mere confusion or misunderstanding, and especially if his testimony is contrary to the reasonable probabilities of the case as reflected by other evidence, we must allow the trier of the facts to disbelieve the witness if it desires to do so. This is not an infringement of the rule that undisputed credible testimony not inherently improbable is binding upon the court or jury. It is within the rule, as explained in our decisions cited above.

There are other propositions in the briefs but, as stated by plaintiff in error, the question considered above is the one which necessarily determines the correctness of the judgment. The judgment is affirmed.

RILEY, OSBORN, CORN, and HURST, JJ., concur.