Manuel GARCIA, Plaintiff in Error,

v.

SANCO FINANCE COMPANY, a corpora-
tion, Defendant in Error.

No. 40315.

Supreme Court of Oklahoma.

Jan. 28, 1964.

H. A. Leatherman, Oklahoma City, for plaintiff in error.

Paul L. Washington, Oklahoma City, for defendant in error.

DAVISON, Justice.

The parties occupy the same relative position in this court as they did in the lower court and will be referred to by name or as plaintiff and defendant. Manuel Garcia brought this action against Sanco Finance Company to recover actual and exemplary damages because of an alleged wrongful garnishment upon his current earnings. Defendant filed a general demurrer to the petition and the lower court sustained the demurrer on the ground that said petition failed to state a cause of action against

defendant. Plaintiff elected to stand on his petition and the court dismissed the action. Plaintiff has appealed to this court.

The grounds of plaintiff's action, and of his proposition of error to this court, is that the justice of the peace suit in which the wrongful garnishment took place was filed or instituted for defendant corporation by a person who was not a licensed attorney authorized to practice law and that the legal effect thereof was that there was no proper action pending within which a garnishment summons could have issued.

The pertinent allegations of plaintiff's petition are that defendant is a corporation and purports to have a note signed by plaintiff and that defendant filed an action in a named justice of the peace court and that the case was filed by defendant by J. L. Harmon, its collection manager, who was not an attorney licensed to practice law by the State of Oklahoma and that a copy of the Bill of Particulars filed by J. L. Harmon was attached as an exhibit; that pursuant to the Bill of Particulars the said Harmon caused a garnishment to be issued pursuant to an affidavit signed by Harmon; that defendant knew or should have known that Harmon was not a licensed attorney and could not practice law; that the action filed in justice of the peace court was not properly filed by a lawful attorney and there was no proper action pending upon which a garnishment summons could have been issued; and that defendant was a corporate entity and not a natural person and knew or should have known that its employee, J. L. Harmon could not institute legal action, but by wanton disregard caused the garnishment to issue. There are further allegations as to plaintiff's damages and a prayer for actual and exemplary damages.

The Bill of Particulars attached to the petition is signed Sanco Finance Company, Inc. "By Jay L. Harmon Collection-Manager," and is verified by him, and also has thereon "Paul Washington, Attory (sic) for Pltf." The garnishment affidavit is by Jay L. Harmon as "Collection-manager." There is also attached to the petition as ex-

hibits the garnishment summons, the summons, and the usury affidavit filed in the justice of the peace action.

■ We have consistently held that a demurrer admits the truth of all facts well pleaded, together with all inferences which may be reasonably drawn therefrom, and the petition is to be liberally construed in favor of plaintiff. Nutt v. Carson, Okl., 340 P.2d 260.. Under plaintiff's contention and theory of the present action it is necessary that J. L. Harmon engaged in the practice of law when he did the acts allegedly performed by him. If the petition, when considered in the light of the above rule, was insufficient in this respect as a matter of law, then the demurrer was properly sustained.

■ According to the statement appearing on the Bill of Particulars the attorney for Sanco in the justice court was Paul Washington. There is no mention of this fact in the plaintiff's petition, but if it may be inferred from the petition that this was not so then the provisions of the exhibit will control. Liberty Plan Company v. Francis T. Smith Lumber Company, Okl., 360 P.2d 500.

■ No citation of authority is required for the proposition that a corporation must of necessity act through and by agents. Title 39 O.S.1961 § 133, provides the bill of particulars must be filed at the time the action is *commenced*. Title 39 O.S. 1961 § 341, authorizes the plaintiff, his *agent* or attorney to make the garnishment affidavit. Title 15 O.S.1961 § 271, has no provision as to which person shall make the affidavit of no usury. It appears from the foregoing that execution of the enumerated instruments or pleadings were not acts reserved to persons licensed to practice law.

The word "file" means to deposit in a court or public office a paper or document, and filing consists of delivery of same to the proper officer. Armstrong v. State, 68 Okl. Cr. 105, 95 P.2d 919, and Reeder v. Mitchell, 117 Okl. 21, 244 P. 773.

The petition does not allege that J. L. Harmon prepared the bill of particulars or the other instruments filed in the case, or that he participated in an attorney capacity in any proceedings after the filing of the action. In fact the petition does not describe any of the later proceedings or any trial and judgment. As stated above the bill of particulars is inscribed with the name of Paul Washington as attorney for the plaintiff therein (Sanco Finance Company) and under the circumstances, in the absence of a denial of such representation, we can only conclude that this attorney was representing such party. In Burkhart v. Lasley, 182 Okl. 43, 75 P.2d 1124, we held that the authority of an attorney to appear for the party whom he is representing in court is presumed, though such presumption is rebuttable.

Plaintiff has submitted authorities holding that a corporation cannot engage in the practice of law, or appear in actions in propria persona, and cannot be represented in actions by its agents or officers acting in the capacity of attorneys unless they are licensed as such. They are not applicable to the present situation.

As stated in Crawford v. McConnell, 173 Okl. 520, 49 P.2d 551, 555, the reports and decisions of courts of last resort of the various states contain many discussions of what constitutes, and what does not constitute, the practice of law. It is our conclusion that a liberal construction of the allegations of plaintiff's petition is that in the filing of the justice of the peace action Sanco Finance Company was represented by a licensed attorney in the person of Paul Washington; that the acts of J. L. Harmon, as Collection-Manager, in executing the various pleadings or instruments as its agent, were authorized and proper; and that the act of filing the bill of particulars and garnishment affidavit with the justice of the peace, as alleged in the petition, was a ministerial act and was not in itself the practice of law.

Affirmed.