STATE of Oklahoma ex rel. Gene C. HOWARD, Daniel D. Draper, Jr., Lee Cate, Cal Hobson, and M. David Riggs, Petitioners,

v.

OKLAHOMA CORPORATION COMMISSION, Respondent.

No. 53665.

Supreme Court of Oklahoma.

June 17, 1980.

M. David Riggs, Chapel, Wilkinson, Riggs, Abney & Keefer, Inc., Tulsa, for petitioners.

Harold T. Garvin, Jr., and Charles L. Helm, Oklahoma City, for respondent.

Jan Eric Cartwright, Atty. Gen., John Paul Johnson, Asst. Atty. Gen., Oklahoma City, for the State of Oklahoma.

WILLIAMS, Justice.

. In this original action filed in the name of the State of Oklahoma, on relation of those persons named in the caption hereof, self-described as citizens, taxpayers and members of either the Oklahoma State Senate or the House of Representatives of the 37th Legislature, this Court is asked to assume original jurisdiction and issue a peremptory writ of mandamus requiring the respondent Corporation Commission (Commission) to "comply with the provisions of § 12 of Enrolled Senate Bill 49 of the First Regular Session of the 37th Legislature"[1] despite the rendition by the Attorney General on April 25th, 1979, of his Opinion No. 79–125 holding such § 12 not to have been covered by the title of the Act and invalid as not meeting the requirements of Art. V, § 57 of the Oklahoma Constitution.

Commission, purportedly represented by attorney members of its staff, filed a response briefly going to the merits of the action and describing itself as a "stakeholder", awaiting a "fair and speedy" disposition of the issues herein involved.

The Attorney General filed herein a written "Entry of Appearance", a separate "De-

nial of Jurisdiction and Response to Petition for Writ of Mandamus", a "Motion to Dismiss" and an "Application for Oral Argument". That official contends that pursuant to common law concepts of his office and statutory provisions, it is the duty, responsibility and privilege of himself alone to represent the Commission.[2] The Attorney General further asserts that the Commission is an "embodiment" of the State and that the State as purported petitioner on relation of named relators is the same entity, also entitled to representation by his office only.[3]

Commission's staff attorneys, on the other hand, contend that they independently and absent "consultation and advising with the Attorney General" appear for and defend the Commission, or, as the Attorney General puts it, "stand mute" in this case. They ask that we "exclude" the Attorney General from appearing for the Commission in this case.

Preliminary to our reaching that certain threshold question, then, of whether this proceeding should be dismissed, which we have but barely mentioned, and another not yet mentioned until now, raised by the Attorney General as to whether relators have standing to bring this action, and before consideration of the merits of the issues sought to be raised herein, we must first determine whether this Court should assume original jurisdiction and if so, who should, must, or may represent the Commission in this case.

1. S.B. 49, Okl. S.L. 1979, Chap. 3, enacted by the 37th Legislature, as signed into law by the Governor on March 19, 1979, by its § 12 provided that the Commission "shall prescribe a method by which ninety percent (90%) of the gross profits, including transportation charges, derived from sales of natural gas [described in other portions of the Bill] produced in this state and sold in interstate commerce, pursuant to [designated federal legislation], by public utilities including pipelines subject to the jurisdiction of the Commission, or subsidiaries or affiliates of such utilities are credited against the bills of such utilities' customers located within this state."

2. The Attorney General asserts further that at best, Commissioners' staff counsel would be entitled to represent the Commission only if he, the Attorney General, should appoint them to represent him in an appeal from the Commission, which he says this is not, and that if it were, he would not.

3. To be noted is the fact that the Attorney General, in addition to other claim discussed herein, further asserts that there is only one State of Oklahoma and that it is he only who may represent relators. With respect to that argument, he has moved, in the principal portion of the case, allegedly in the capacity of counsel for relators, to dismiss their action.

## I

We note that by provision of section 10 of the act under consideration in this proceeding, "Appellate jurisdiction is hereby conferred upon the Supreme Court of this state to review the orders of the Commission made under this act. Such appeal may be taken by any person shown by the record to be interested therein, in the same manner and time as appeals are allowed by law from orders of the Corporation Commission in the exercise of their powers under the Oil and Gas Conservation Act."

Oklahoma Constitution Art. IX Sec. 20 provides that appeals from certain orders of the Corporation Commission may be taken to this Court only, and that "in all appeals to which the State is a party it shall be represented by the Attorney for the Corporation Commission, and the Attorney General, or his duly authorized representative." It further confers exclusive jurisdiction on this Court to "review, affirm, reverse or remand any action of the Corporation Commission with respect to the rates, charges, services, practices, rules or regulations of public utilities, or of public service corporations, or to suspend or delay the execution or operation thereof, or to enjoin, reverse or *interfere* with the Corporation Commission in the performance of its official duties." (Emphasis added.)

At that point the section continues:

.   .   .   provided, however, that writs of mandamus or prohibition shall lie from the Supreme Court to the Corporation Commission in all cases where such writs respectively would lie to any inferior court or officer.

It is to be emphasized that while the foregoing language of sections here considered, makes repeated reference to "appeals," the language last quoted from the Constitution infers jurisdiction lies in this Court to "interfere with the Corporation Commission in the performance of its official duties" by issuance of writs of mandamus or prohibition in proper cases.

By provision of Article VII § 4, this Court is granted original and superintending jurisdiction over all agencies including Commission.

We here emphasize that as was stated in the beginning, this is an original proceeding, not an appeal.

In the furtherance of justice and resolving any slight doubt as to the meaning of the word "appeal" in a broader sense, we use it not for the purposes of technically defining nature of proceedings filed here, but as a basis for determining whether Commission may here be summoned into court to respond to relators' petition.

█ This Court has considerable fundamental, constitutional authority as concerns its right and duty to assume original jurisdiction as above noticed and also considerable authority over the appearance of counsel, and related matters, implicit from its constitutional grants of authority as also above noticed. See *In re Integration of State Bar of Oklahoma*, 185 Okl. 505, 195 P.2d 113 (1939).

█ Assuming that petitioners have standing to bring this original proceeding, we interpret the foregoing language from Art. IX § 20 and Art. VII § 4 as authorizing the assumption of original jurisdiction for the purposes of considering whether the Corporation Commission may properly be summoned into Court for determination of issue of whether it has performed its duties or failed to do so as relators have charged.

## II

Turning to the contention of the Attorney General that he alone should represent the Commission, we observe that Art. VI, § 1A of the Oklahoma Constitution provides that the executive authority of the State shall be vested in ten (10) listed officers, one of whom is the Attorney General. While this section directs these officers to "perform such duties as may be designated in this Constitution or prescribed by law" it makes no further reference to or elucidation of the duties of the Attorney General.

With respect to the office of Attorney General as it exists today this Court has said, "In the absence of express statutory or

constitutional restrictions, the common law duties and powers attach themselves to the office as far as they are applicable and in harmony with our system of government." *State ex rel. Derryberry v. Kerr-McGee*, 516 P.2d 813, 818, 819 (Okl.1973).

Certain duties of the Attorney General are explicitly set forth by statute. Title 74 O.S.1979 Supp. § 18b provides:

> The duties of the Attorney General as Chief Law Officer of the state shall be:
>
> a) to appear for the state and prosecute and defend all actions and proceedings, civil or criminal, in the Supreme Court and Court of Criminal Appeals in which the state is interested as a party.
>
> \* \* \* \* \* \*
>
> c) to appear at the request of the Governor, the Legislature, or either branch thereof, and prosecute and defend in any court before any commission, board or officers any cause or proceeding, civil or criminal, in which the state may be a party or interested; . . .
>
> \* \* \* \* \* \*

Provided further, that in all appeals from the Corporation Commission to the Supreme Court of Oklahoma in which the state is a party, the Attorney General shall have the right to designate counsel of the Corporation Commission as his legally appointed representative in such appeals, and it shall be the duty of said Corporation Commission counsel to act when so designated and to consult and advise with the Attorney General regarding such appeals prior to taking action therein.

Attorneys for the Commission contend that the Attorney General's involvement in this proceeding should be controlled by § 18b(c), as set out above, and that under said section, the Attorney General's duty to appear in this matter is contingent upon a request from the Governor or Legislature or either branch thereof to do so.

■ We find this contention ignores the straightforward language of § 18b(a) as set out above. The Legislature's intent in that section is clear. If the State is a party before this Court, then ordinarily the Attorney General must appear on its behalf.

The Commission also asserts that 74 O.S. 1971 § 18c is an express statutory restriction on the power of the Attorney General. Section 18c provides:

> Subject to the exceptions hereinafter set out, no State Officer, Board or Commission, except the Corporation Commission . . . shall have authority to employ or appoint attorneys to advise or represent said Officer, Board or Commission, in any matter, and all the legal duties of such Officer, Board or Commission shall devolve upon and are hereby vested in the Attorney General; . . .

■ We refuse to give this section such a broad interpretation and conclude that the Attorney General may, unless disqualified, appear in this proceeding as directed by 74 O.S.1979 Supp. § 18b(a).

■ The question arises as to whether, if the Corporation Commission is subject to being brought into court as a respondent, it is entitled to defend. Our State Constitution would appear to afford a basis for an affirmative answer.[4] If it may defend, surely it is entitled to benefit of counsel.[5]

---

4. Sections 6 and 7 of Art. II, Const., provide as follows: § 6. The courts of justice of the State shall be open to every person and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice. § 7. No person shall be deprived of life, liberty, or property, without due process of law.

5. A person or an entity has a right to hire counsel to represent him (or it) in his (its) affairs and litigation. 5 O.S.1971 §§ 5, 6 and 7. Attorney and client may contract between themselves and contracts (for contingent fee) are not illegal or against public policy. *Lashley v. Moore*, 112 Okl. 198, 240 P. 704 (1925). The authority of an attorney to appear for his client is presumed. *Cummins v. Chandler*, 186 Okl. 200, 97 P.2d 765 (1939), *Lashley v. Moore*, supra.

The foregoing language of Article IX § 20 does not bar Commission's attorneys from appearing for it. It clearly is implicit from the language of 74 O.S.1971 § 18c that the Corporation Commission may appoint its own in-house counsel.

■ Likewise, the right to be represented by counsel ordinarily should include the right to make a choice, if timely exercised, of attorneys whose views are consonant with one's own or who at least will present the client's interests.[6]

Here, Commission timely and in open court, asked that its right to be represented by its own in-house counsel be recognized and, as stated above, that the Attorney General be excluded from purporting to appear for it.

■ If, then, the Commission may be brought into court by relators, Sections 6 and 7 of Article 2 of our State Constitution, see note 8, supra, under any concept of affording it any semblance of even-handed justice, must require that it be represented if it so desires, by counsel who can and will ably and conscientiously express its views to the tribunal. For the purposes indicated and with respect to the right and duty to represent the Corporation Commission in this proceeding, and after consideration of the foregoing authorities, our determination is that such Commission may properly be represented in this case by its own in-house counsel (employee-attorneys).

■ As has been made apparent by the foregoing discussion, inasmuch as the views of the Commission's attorneys are at variance with those of the Attorney General, and the Attorney General is authorized to represent the views of that segment of the people of the State who may agree with his

---

In *Ex parte Barnett*, 67 Okl.Cr. 300, 94 P.2d 18, 29 (1939), quoting Mr. Justice Sutherland from *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 64, 77 L.Ed. 158, 84 A.L.R. 527, our Court of Criminal Appeals said "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel . . . [Client] requires the guiding hand of counsel at every step in the proceedings against him."

6. A party litigant has a right to employ and be heard by counsel of his own choosing. *Bancroft v. Board of Governors of Registered Dentists*, 202 Okl. 108, 210 P.2d 666 (1949) cited in *Kiddie v. Kiddie*, 563 P.2d 139, 142 (Okl.1977), 85 A.L.R.3d 977, 980.

In the case of *Steeley v. State*, 17 Okl.Cr. 252, 187 P. 821, 823 (1920), our then Criminal Court of Appeals reversed a conviction for murder where the county attorney presented defendant for arraignment and as accommodation for defendant's counsel, who was absent due to illness, allegedly told defendant "I would just waive the preliminary [examination]" and the committing magistrate entered up a transcript showing defendant appeared by (the county attorney), filed motion for a continuance which was denied and waived preliminary. 17 Okl.Cr. 252, 187 P. at page 823 quoting from the case of *People v. Gerold*, 265 Ill. 448, 107 N.E. 165, Ann.Cas.1916A, 636, that Court in pertinent part said, "The rule has long been firmly established that an attorney cannot represent conflicting interests or undertake to discharge inconsistent duties."

This Court has held to a similar effect in two cases but excused the attorney in each instance because the point was not timely presented. See *Suttle v. Chadwell*, 196 Okl. 298, 164 P.2d 880, 883, (1945), citing 7 C.J.S. Attorney and Client, § 47 P. 908 (partnership accounting case) stating that ordinarily an attorney cannot represent two conflicting interests, and *Deupree v. Garnett*, 277 P.2d 168, 173 (Okl.1954) where we quoted in pertinent part from a decision of the Supreme Court of Hawaii in the case of *Christian v. Waialua Agricultural Co.*, 30 Haw. 533, in effect as follows, to-wit: "Unless expressly authorized so to do," "An attorney who has acted as such for one side may not render services in the same case to the other side, nor in any event, whether it is in the same case or not, may he assume a position hostile to his client and one inimical to the very interests he was engaged to protect."

As observed by the Texas Court of Appeals in the case of *Hill v. Texas Water Quality Board*, 568 S.W.2d 738 (1978), "To uphold the Attorney General's position would give rise to an intolerable situation which . . . would put him on both sides of the lawsuit."

As stated by the Court in the case of *State v. Reese*, 78 N.M. 241, 430 P.2d 399 (1967) "To adopt the position of the Attorney General would have the effect of limiting those who could bring suit to test the propriety of public action in matters having statewide impact to the single individual occupying the office of Attorney General. If for any reason he failed or refused to act, there is no provision whereby anyone else can act in his stead."

views, we deem it appropriate for that official to appear in this case ex officio.[7]

## III

We now address the question previously mentioned herein as raised by the Attorney General concerning whether or not relators have standing to bring this action. He contends that they have not alleged any particular interest which they individually hold upon which standing can be based. Furthermore, he charges that their status as citizens, taxpayers and members of either the Oklahoma State Senate or House of Representatives does not confer standing upon them to bring this action. We do not agree.

The principal case relied upon by the Attorney General in support of his contention is *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 70 L.Ed.2d 947. In *Flast*, the United States Supreme Court held that a federal taxpayer with no special interest had standing to seek an injunction to prevent the expenditure of federal funds only when there are allegations that the challenged expenditure violates a specific constitutional provision which amounts to a limitation on the taxing and spending power of Congress under the United States Constitution.

In the case now before us, a different situation exists. No government expenditure is challenged. Rather, relators, in the name of the State of Oklahoma are seeking a peremptory writ of mandamus compelling the Corporation Commission to comply with § 12 of Enrolled Senate Bill No. 49.

In *State ex rel. Sego v. Kirkpatrick*, 86 N.M. 359, 524 P.2d 975, 979 (1974), the New Mexico Supreme Court in an original proceeding was faced with question of the validity of certain partial veto exercised by the Governor of that State. A preliminary inquiry however, concerned the petitioners' standing to invoke the power of the Supreme Court to resolve the veto question.

The New Mexico Supreme Court said "[T]his Court in its discretion, may grant standing to private parties to vindicate the public interest in cases presenting issues of great public importance."

Further on the Court added:

Petitioner is a citizen, an elector, a taxpayer, a State Senator, a member of the Senate Finance and Rules Committee, and a member of the Legislative Finance Committee. By failing to predicate our holding as to standing on one or more of these facts, we in no way suggest that one or more thereof would not be sufficient to give petitioner standing in these proceedings. We simply elect to confer standing on the basis of the importance of the public issues involved.

In the case at hand, as indicated supra, relators describe themselves as "citizens and taxpayers of the State of Oklahoma and members of either the Oklahoma Senate or House of Representatives . . . ." They allege the Attorney General's opinion holding Section 12 unconstitutional directly affects "the sovereign rights and powers of the State, particularly as exercised by the Legislature, . . . ." They further represent that the action contains a "clear element of 'publici juris'" in that "[t]he purpose of Senate Bill 49 was to guarantee that the benefits resulting from the limited price increases would be realized by the citizen-consumers within the State of Oklahoma rather than the public utility companies."

It seems evident that application of a credit to the utility bills of public utilities' Oklahoma customers and citizens is properly of legislative concern and publici juris.[8]

---

7. Deemed applicable here is a decision of our then Criminal Court of Appeals in *Dupree v. State*, 14 Okl.Cr. 369, 171 P. 489, 490, 491 (1918), wherein that Court determined, pursuant to separate statutes found to be applicable there, that both the County Attorney and the Attorney General on request by the Governor had concurrent authority to appear for the State in a criminal prosecution.

8. In *State ex rel. Freeling v. Lyon*, 63 Okl. 285, 165 P. 419 (1917) we define publici juris as meaning "of public right". "The word 'public' in this sense means pertaining to the people, or affecting the community at large; . . . ." "The word 'right' . . . is defined . . . 'as a well founded claim; an interest; concern; advantage; benefit.'" "'[P]ublic interest' . . . means something in which the public, the com-

It would further appear that the relators, presiding officers of the branches of the Legislature, also have an interest in vindicating the State Legislature's exercise of its power, sought to be nullified by the Attorney General's opinion in question.

Generally the Attorney General as chief law officer of the State, would be the proper party to maintain litigation to enforce a matter of public interest. However, where the main object of the suit is to vindicate a public right, a court may rightfully take jurisdiction upon the the relation of a private citizen in the name of the State. *Wheeler v. Northern Colorado Irrigation Co.*, 9 Colo. 248, 11 P. 103 (1886); *People v. Kennehan*, 55 Colo. 589, 136 P. 1033 (1913); *State ex rel. Shelton v. Board of Comm'rs of Bernalillo Co. et al.*, 49 N.M. 218, 161 P.2d 212 (1945). This would appear to be especially true where the Attorney General in pursuing a minority view he had previously asserted as a member of the Commission, now under the cloak of authority of chief law officer of the state, asserts the right to negative an act of the legislative branch.

In *Wheeler v. Northern Colorado Irrigation Co.*, supra, the Supreme Court of Colorado discussed the subject of exercise of its original jurisdiction; held it should be invoked only when questions publici juris were involved and that such actions should be brought in the name of the State, with the persons initiating such actions being identified and appearing as relators. That Court said that such actions generally should be brought by the Attorney General but noted that under some circumstances, for example as where the Attorney General refused to act, and the object of the suit was to vindicate a public right, it could be brought in the name of the State by a private citizen in order to protect the interest of the State. In *Sego*, supra, the citizen recognized by the New Mexico Court as having standing, as well as being a private person, also was a taxpayer and member of

the New Mexico Legislature. See also *Jenkins v. State*, 585 P.2d 442 (Utah 1978).

We have noted that the Attorney General proposes that he be recognized as counsel both for relators and respondent Commission and permitted to dismiss the action. We have at issue here two competing policy considerations. Our decision is to recognize standing of relators to sue, right of Commission to defend and that of the Attorney General to appear and of this Court to treat this action as a three-cornered proceeding. See *Okl. Ass'n etc. v. State*, 577 P.2d 1310, 1313 (Okl.1978).

For this case to proceed with relators representing the segment of our citizens favoring implementation and pursuit of rights allegedly secured by § 12 supra, see note 1, the Commission being represented by its employee-attorneys, and the Attorney General espousing the opposing view will insure the "lively conflict between antagonistic demands" found desirable by the Supreme Court in the case of *Poe v. Ullman*, 367 U.S. 497, 503, 81 S.Ct. 1752, 1755, 76 L.Ed.2d 989 (1961) recently referred to in our opinion in *In re Application of Goodwin*, 597 P.2d 762 (Okl.1979).

Relators may appear herein for the State of Oklahoma, Commission's employee-attorneys may represent it and the Attorney General may appear ex officio. With the parties so aligned, the case may proceed.

Motion to dismiss denied.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., dissents.

---

munity at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected." See *State of Oklahoma, ex rel. Poulos v. State Board of Equalization*, 552 P.2d 1134 (Okl.1975).