**Wilson V. GLASS, as County Assessor of Tulsa County, Oklahoma, Appellee,**

v.

**CARMELITE SISTERS OF ST. THERESE OF the INFANT JESUS, Appellant (two cases).**

**Nos. 45358, 45359.**

Supreme Court of Oklahoma.

April 11, 1972.

Rehearing Denied May 16, 1972.

S. M. Fallis, Jr., Dist. Atty., Marvin E. Spears, Asst. Dist. Atty., Tulsa, for appellee.

Gavin & King, T. Gavin King, Tulsa, for appellant.

JACKSON, Justice.

The question for decision, as agreed upon by the parties, is stated as follows:

"May a county assessor appeal an adverse decision (adverse to the county) of a board of tax-roll corrections to the district court?"

The question is presented on petitions for certiorari by Carmelite Sisters of St. Therese of the Infant Jesus for review of interlocutory orders certified by the District Court of Tulsa County pursuant to 12 O.S.1971, § 952(b) 3. The questions are identical in both cases and are consolidated for disposition.

The County Assessor of Tulsa County in assessing properties in Tulsa County concluded that two separate parcels of real estate owned by Carmelite Sisters were not exempt from ad valorem taxation and placed these properties on the tax rolls. 68 O.S.1971, § 2435. Carmelite Sisters then filed complaints of erroneous ad valorem tax assessments and petitioned the Tulsa County Board of Tax-roll Corrections, alleging that both parcels of real estate were used exclusively for school, religious and charitable purposes and therefore exempt from ad valorem taxes.

The Board of Tax-roll Corrections sustained the complaints as to both parcels and entered orders declaring the properties exempt from ad valorem taxes. The chairman and vice-chairman of the Board voted in favor of the tax exempt exemptions and the third member of the Board, Wilson V. Glass, County Assessor, voted against the exemption. The County Assessor, Glass, then appealed from the Board's decision to the District Court of Tulsa County.

Carmelite Sisters filed pleas to the jurisdiction of the District Court and moved for dismissal of the appeals upon the ground that the County Assessor "is not the proper party appellant and is not a real party in interest." The trial court overruled the motion in each case and certified the question for our review.

Carmelite Sisters contend that a county assessor is not a real party in interest and is not a proper appellant from a decision of a board of tax-roll corrections for the reason, among others, that a dissenting board member may not appeal from a decision of the board of which he is a member. That is the general rule. 4 Am.Jur.2d, Appeal and Error § 234; 4 C. J.S. Appeal and Error § 205, at p. 608; 117 A.L.R. 216, Anno. "Right of public officer or board to appeal from a judicial decision affecting his or its order or decision." There is an exception to the general rule where the board is acting as a representative of the public interest in matters entrusted to its determination. 4 Am.Jur.2d, Appeal and Error § 234, supra.

Taxpayers and county assessors are specifically authorized to appeal from decisions of a county board of equalization. 68 O.S.1971, § 2461. A taxpayer is specifically authorized to appeal from an adverse decision of a county board of equalization denying his application for a homestead exemption. 68 O.S.1971, § 2412. That section is silent as to whether a county assessor may, or may not, appeal where a board grants a homestead exemption that the assessor believes is unauthorized. In Forston v. Heisler, Okl., 341 P.2d 252, we held a county assessor may appeal from an order of the county board of equalization which allows a homestead exemption even though the statute does not specifically authorize him to do so.

In *Forston* the county assessor allowed May Heisler a homestead exemption of $600. She appealed to the county board of equalization where she was allowed the full exemption of $1000. The county assessor appealed to the district court where the court dismissed the appeal apparently upon the ground that the statute, 68 O.S. 1951, § 40, now 68 O.S.1971, § 2412, did not authorize the county assessor to appeal. On the assessor's appeal to this court we concluded that the assessor had a right to appeal. That conclusion was based upon a construction of statutes now appearing as 68 O.S.1971, §§ 2412 and 2461, "in conjunction with Art. 5, Sec. 51, and Art. 2, Sec. 6, of the Constitution of Oklahoma" and general principles of law therein discussed.

The Forston case, although helpful, is not decisive of the issue presented here. County assessors are not members of the county equalization boards, and a county assessor in appealing from the county equalization board is not appealing a decision from a board of which he is a member.

■ The appeal in this case is from the Board of Tax-roll Corrections, of which the county assessor is a member. The Board of Tax-roll Corrections is specifically authorized to reverse the action of the county assessor where property exempt from taxation has been assessed. 68 O.S. 1971 § 2479. That section is silent as to whether the taxpayer or the county assessor may appeal from a decision of that Board. Notwithstanding this silence we have held that an aggrieved taxpayer may appeal from a decision of the Board of Tax-roll Corrections. Baldwin v. Board of Tax-Roll Corrections, Okl., 331 P.2d 412. In the body of that opinion we said that the Board of Tax-roll Corrections exercises a judicial function in determining whether property is exempt from taxation and that the district court has jurisdiction to review the orders of that Board. The rule announced in the second paragraph of the Syllabus in *Baldwin* states that orders of the Board granting or denying the claimed exemption are subject to review by the district court. In *Baldwin* the Board denied an exemption. In the instant case the Board's order granted an exemption. Such order is appealable. We believe the tax assessor is a party in interest to take such an appeal for reasons hereinafter set forth.

The county assessor exercises a judicial function when he determines the taxable status of any property which is claimed to be exempt from ad valorem taxation. 68 O.S.1971, § 2435(b). When his decision that any property is not exempt from taxation is contested in the Board of Tax-roll Corrections, his decision is necessarily adversary to the views of the taxpayer.

Heavy responsibilities in the assessment of property for ad valorem taxes are placed upon the tax assessor. 68 O.S.1971, § 2401, et seq. He is the county officer who is most largely responsible for providing revenue upon an ad valorem tax basis. He should be knowledgeable in ad valorem taxation since he must attend schools and institutes. 68 O.S.1971, § 2438. He is under oath to assess *all* property as provided by law, § 2402; he is required to determine whether applications for homestead exemptions should be approved or rejected, § 2410; he is required to determine the taxable status of property which is claimed to

be exempt from ad valorem taxation, § 2435; and he is authorized to appeal from decisions of the county board of equalization, § 2461. In appeals from the county board of equalization the district attorney is required to assist him, 68 O.S.1971, § 2461, and it is the duty of the board of county commissioners and county excise board to provide funds for such appeals, § 2461. Where the board of county commissioners of the excise board fails to provide adequate funds for the tax assessor to perform his duties he may invoke mandamus proceedings, 68 O.S.1971, § 2436, and he must be provided with adequate financial assistance, § 2438.

A county assessor serves as a county assessor and as a member of the Board of Tax-roll Corrections. These are separate functions under the statute although his duties are similar in each capacity. The performance of separate functions in the instant case is similar to that which we discussed in Atoka County v. Oklahoma State Bank, 62 Okl. 57, 161 P. 1087. In that case we said (under then existing law) although the county board of equalization had the same personnel as the board of county commissioners, those boards were differently organized, performed separate functions, and were independent of each other.

The appeals in these cases were not taken by the county assessor as a member of the Board of Tax-roll Corrections but by the county assessor in his official capacity as county assessor. Considering the statutory duties that are imposed upon the county assessor in representing the public interest in ad valorem tax assessments we are of the view that it would be contrary to the public interest to deny him the right of appeal. This view is in harmony with our decisions in Forston v. Heisler, Okl., 341 P.2d 252, and Baldwin v. Board of Tax-Roll Corrections, Okl., 331 P.2d 412, supra.

The orders of the trial court refusing to dismiss the appeals are affirmed.

All the Justices concur.