## 2011 OK 4

### ASSESSOR OF ROGER MILLS COUNTY, Teresa Morris, Plaintiff/Appellee,

v.

### UNIT DRILLING COMPANY, Defendant/Appellant.

### No. 107,699.

Supreme Court of Oklahoma.

Jan. 25, 2011.

---

Mart Tisdal, Patrick O'Hara, Jr., Luke Adams, Tisdal & O'Hara, PLLC, Clinton, OK, Attorneys for Plaintiff, Assessor of Roger Mills County, Teresa Morris.

Richard P. Hix, Lincoln C. McElroy, McAfee & Taft, Tulsa, OK, Attorneys for Defendant, Unit Drilling Company.

REIF, J.:

¶ 1 This appeal was retained by this Court because it presents an issue of statewide public concern: whether the method of valuing personal property used in the exploration of oil, natural gas, and other minerals set forth in 68 O.S.Supp.2010, § 2817(L) violates the constitutional requirement to value all personal property at its fair cash value found in Article 10, § 8(A)(1) of the Oklahoma Constitution. The text of § 2817(L) provides that "All taxable personal property used in the exploration of oil, natural gas, or other minerals, including drilling equipment and rigs, shall be assessed annually at the value set forth in the first Hadco International monthly bulletin published for the tax year, using the appropriate depth rating assigned to the drawworks by its manufacturer and the actual condition of the rig." The asses-

sor of Roger Mills County obtained a declaratory judgment in the district court below that "68 O.S. § 2817(L) is unconstitutional in that it violates Article X, § 8(A)(1) of the Constitution of the State of Oklahoma." The oil rig owner who defended the constitutionality of the statute below brings this appeal and urges reversal of this judgment. Upon review, we agree with the trial court.

¶ 2 In support of the constitutionality of § 2817(L), the oil rig owner has stressed that Article 10, § 22 of the Oklahoma Constitution allows the Legislature to classify property for purposes of taxation and to provide for the valuation of different classes by different means or methods. Oil rig owner has maintained that § 2817(L) reflects such special classification of personal property used in the exploration of oil, natural gas, and other minerals as well as the provision of a recognized industry method or means of valuing property in this class. Oil rig owner has also asserted that the Hadco International bulletin provides a uniform standard for determining fair cash value of personal property used in the exploration of oil, natural gas, and other minerals. While we agree that these are important considerations in determining the constitutionality of a statute like § 2817(L), they are not alone determinative.

¶ 3 In *Liddell v. Heavner*, 2008 OK 6, ¶ 23, 180 P.3d 1191, 1201, this Court recently confirmed that "The Legislature, in the exercise of its authority to categorize property by use, may recognize … a specialized means of determining [such property's] fair cash value." This Court cautioned, however, that "What [the Legislature] may not constitutionally do … is to potentially divorce the [specialized means of] valuation … from the fair market value of [property in the class]." *Id.* Making a valuation scheme divorced from market value "the sole and conclusive factor [in valuing property for tax purposes] violates the fair cash value standard" under section 8 of Article 10. *Id.* ¶¶ 23–24, 180 P.3d at 1201–02. The Legislature introduced constitutional infirmity into § 2817(L) by making the Hadco International bulletin the sole and conclusive means for determining the fair cash value to the exclusion of "relevant and reliable market data of property of the same kind [obtained by the assessor]," such as recent voluntary arms-length sales. *Id.* ¶ 20, 180 P.3d at 1201.

¶ 4 Since 1963, this Court has said the constitutional requirement to assess property for ad valorem taxation at its fair cash value means the property's fair market value and that fair market value, in turn, means the amount of money which a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell it. *Bliss Hotel Co. v. Thompson*, 1962 OK 234, ¶ 17, 378 P.2d 319, 321. The most recent recognition of this rule is found in the *Liddell* case, 2008 OK 6, ¶ 13, 180 P.3d at 1198, and *Cimmarron Transportation, LLC v. Heavner*, 2008 OK 44, 186 P.3d 947.

¶ 5 Significantly, the *Bliss Hotel Co.* case stressed that fair market value, as based on a bona fide, arms-length sale "controls assessments," even if there is "other evidence tending to show what market value might be … in the absence of such a sale [including evidence of intrinsic value]." *Bliss Hotel Co.*, 1962 OK 234, ¶¶ 19–20, 378 P.2d at 321–22. This was reaffirmed in *Cimmarron Transportation, LLC*, 2008 OK 44, ¶ 11, 186 P.3d at 951. As written, § 2817(L) would require an assessor to disregard a recent arms-length sale of a drilling rig in preference to the Hadco value assigned for the type of rig in question. "[E]vidence of bona fide, arm's-length sales should not be disregarded [in determining value for tax purposes]." *Cimmarron Transportation, LLC*, 2008 OK 44, ¶ 14, 186 P.3d at 951.

¶ 6 A statute prescribing a method of valuation will be upheld unless it is clearly, palpably and plainly inconsistent with the fair cash value requirement of Article 10, § 8 of the Oklahoma Constitution, *see Liddell*, 2008 OK 6, ¶ 16, 180 P.3d at 1200. As written, § 2817(L) is clearly, palpably, and plainly inconsistent with the fair cash value requirement for personal property set forth in Article 10, § 8(A)(1).

¶ 7 In reaching this conclusion, we are not saying that assessments must be based on a sale of the property itself or specific sales information of comparable property. We are likewise not saying that the Legislature can-

not prescribe use of the Hadco International bulletin in making assessments or that the valuation information contained therein cannot support an assessment. What we are saying is that the Legislature cannot make the Hadco International bulletin the sole and conclusive factor for valuing property for tax purposes, nor give the Hadco valuation preference over relevant and reliable market data concerning property of the same kind that has been obtained by the assessor.

¶ 8 Based on the foregoing considerations, we hold the trial court correctly determined that 68 O.S.Supp.2010 § 2817(L) is unconstitutional in that it violates the fair cash value assessment requirement of Article 10, § 8(A)(1) of the Oklahoma Constitution. Accordingly, the trial court's declaratory judgment is affirmed.

¶ 9 **DECLARATORY JUDGMENT AFFIRMED.**

¶ 10 TAYLOR, C.J., COLBERT, V.C.J., WATT, WINCHESTER, EDMONDSON, REIF and COMBS, JJ., concur.

¶ 11 KAUGER, J., concurs in result.