2014 OK 57

Ken YAZEL, Tulsa County Assessor, Petitioner/Appellant,

v.

The WILLIAM K. WARREN MEDICAL RESEARCH CENTER, INC., an Oklahoma not-for-profit corporation; and Montereau, Inc., an Oklahoma not-for-profit corporation; Respondent/Appellees.

Nos. 111502, 111643.

Supreme Court of Oklahoma.

June 24, 2014.

Leisa S. Weintraub, Tulsa, Oklahoma, for Plaintiff/Appellant.

Joel L. Wohlgemuth, David R. Ross, Tulsa, Oklahoma, for Defendants/Appellees.

KAUGER, J.:

¶ 1 This cause (Yazel 1) and its companion case No. 111,643 *Ken Yazel, Tulsa County Assessor v. The William K. Warren Medical Research Center, Inc., et al.* (Yazel 2), involve the dispositive issue of whether 68 O.S.2011 § 2880.1(D) [1] requires a county assessor to

---

1. Title 68 O.S.2011 § 2880.1(D) provides:
   D. In such appeals to the district court and to the Supreme Court and in requests for declara-

tory judgment it shall be the duty of the district attorney to appear for and represent the county assessor. The General Counsel or an attor-

be represented by a district attorney or by the Oklahoma Tax Commission before an appeal from the Board of Equalization may proceed to the Courts. We hold that it does not.

## FACTS

¶ 2 The defendants/respondents, The William K. Warren Medical Research Center, Inc. (Warren), and Montereau, Inc. (Montereau), (collectively taxpayers) not-for-profit corporations, owned real property located in Tulsa County, Oklahoma. For the tax year 2012, Ken Yazel, the Tulsa County Assessor (assessor) levied ad valorem taxes on portions of the real property owned by Warren and Montereau. Warren's property was valued for ad valorem tax purposes at $178,990,012.00 and Montereau's was valued at $1,648,042.00.

¶ 3 On March 2, 2012, Warren filed a written informal protest with the assessor, arguing that the property should be exempt from taxation pursuant to 68 O.S.2011 2887(8)(b)(1) because it was a "continuum of care retirement community." [2] On May 14, 2012, the assessor modified Warren's assessment to $107,394,007.00 based on the ratio of licensed nursing facility, assisted living and Alzheimer beds to the total number of beds in the overall facility.[3] On May 27, 2012, Montereau also filed a written informal protest and its assessment was adjusted to $988,825.00 for the same reasons.

¶ 4 The taxpayers filed a formal appeal on June 8, 2012, with the Tulsa County Board of Equalization (Board). The Board held a hearing on June 20, 2012, and at the conclusion of the hearing, the Board issued a notice of adjustment and cancelled the assessment because it determined that the properties were not taxable. The assessor, represented by its general counsel, appealed the Board's decision on July 9, 2012, to the District Court of Tulsa County.[4]

---

ney for the Tax Commission may appear in such appeals or requests for declaratory judgment on behalf of the county assessor, either upon request of the district attorney for assistance, or upon request of the county assessor. It shall be the mandatory duty of the board of county commissioners and the county excise board to provide the necessary funds to enable the county assessor to pay the costs necessary to be incurred in perfecting appeals and requests for declaratory judgment made by the county assessor to the courts.

2. Title 68 O.S.2011 § 2887(8)(b)(1) provides:
The following property shall be exempt from ad valorem taxation: ...
8. All property of any charitable institution organized or chartered under the laws of this state as a nonprofit or charitable institution, provided the net income from such property is used exclusively within this state for charitable purposes and no part of such income inures to the benefit of any private stockholder, including property which is not leased or rented to any person other than a governmental body, a charitable institution or a member of the general public who is authorized to be a tenant in property owned by a charitable institution under Section 501(c)(3) of the Internal Revenue Code and which includes but is not limited to an institution that either: ....
b. (1) for a facility constructed prior to January 1, 2006, is a continuum of care retirement community providing housing for the aged, licensed under Oklahoma law, owned by a nonprofit entity recognized by the Internal Revenue Service as a Section 501(c)(3) tax-exempt entity and located in a county with a population of more than five hundred thousand (500,000) according to the latest Federal Decennial Census, ...

3. Warren also filed a Petition in the Tulsa County District Court on May 17, 2012, seeing a writ of mandamus to direct the Assessor to remove its property from the assessment roll. That cause was dismissed by an order filed June 8, 2012, because the trial court determined that it lacked jurisdiction at that time.

4. Title 68 O.S.2011 § 2880.1 provides:

A. Both the taxpayer and the county assessor shall have the right of appeal from any order of the county board of equalization to the district court of the same county, and right of appeal of either may be either upon questions of law or fact including value, or upon both questions of law and fact. In case of appeal the trial in the district court shall be de novo. Provided, the county assessor shall not be permitted to appeal an order of the county board of equalization upon a question of the constitutionality of a law upon which the board based its order, but the county assessor is hereby authorized in such instance to request a declaratory judgment to be rendered by the district court.
B. Notice of appeal shall be filed with the county clerk as secretary of the county board of equalization, which appeal shall be filed in the district court within ten (10) days after the final adjournment of the board. It shall be the duty of the county clerk to preserve all complaints and to make a record of all orders of the board and both the complaint and orders

¶ 5 There, the assessor argued that the Board's cancellation of the tax assessments was not supported by the facts or by the statutes because they pertain to "continuum of care retirement community facilities." The taxpayers answered, contending that the Assessor's actions were arbitrary and unlawful in finding a partial exemption rather than a 100% exemption, and that the properties had been exempt for more than a decade. They also alleged that pursuant to 68 O.S. 2011 § 2880.1(D), the appeal could not be brought to the district court unless it was brought by the Tulsa County District Attorney.[5]

¶ 6 On September 7, 2012, Warren and Monereau filed a motion for summary judgment, arguing that: 1) their use of the property met the requirements for exemption; 2) the assessor's interpretation was contrary to the plain and ordinary meaning of a "Continuation of Care Retirement Community;" and 3) the assessor abruptly reversed 12 years of continuous exemption status. In a footnote of the summary judgment motion, the taxpayers also noted that the appeal to District Court was filed without the participation of the Tulsa County District Attorney, an independent legal flaw that required summary judgment be rendered.

¶ 7 On January 7, 2013, the trial court granted the taxpayers' motion for summary judgment, and the order was filed on January 28, 2013.[6] On February 22, 2013, the assessor appealed raising six issues relating to the exemption status of the taxpayers.[7]

shall be a part of the record in any case appealed to the district court from the county board of equalization.

C. Either the taxpayer or the county assessor may appeal from the district court to the Supreme Court, as provided for in the Code of Civil Procedure, but no matter shall be reviewed on such appeal which was not presented to the district court.

D. In such appeals to the district court and to the Supreme Court and in requests for declaratory judgment it shall be the duty of the district attorney to appear for and represent the county assessor. The General Counsel or an attorney for the Tax Commission may appear in such appeals or requests for declaratory judgment on behalf of the county assessor, either upon request of the district attorney for assistance, or upon request of the county assessor. It shall be the mandatory duty of the board of county commissioners and the county excise board to provide the necessary funds to enable the county assessor to pay the costs necessary to be incurred in perfecting appeals and requests for declaratory judgment made by the county assessor to the courts.

E. In all appeals taken by the county assessor the presumption shall exist in favor of the correctness of the county assessor's valuation and the procedure followed by the county assessor.

5. Title 68 O.S.2011 § 2880.1(D), see note 1, supra provides that it shall be the duty of the district attorney to appear and represent the county assessor.

6. The "FINAL JUDGMENT" order provides:
In accordance with 12 Okla. Stat. § 696.3, final judgment in favor of Respondents, The William K. Warren Medical Research Center, Inc., and Montereau, Inc., is hereby entered against the Petitioner, Ken Yazel, Tulsa County Assessor, pursuant to this Court's Order Granting Summary Judgment to Respondents The William K. Warren Medical Research Center, Inc. and Montereau, Inc. filed January 8, 2013.[sic]

7. The issues raised on appeal by the Assessor were:

1. Does the phrase 'licensed under Oklahoma law' as it appear in 68 O.S. § 2887(8)(b)(1) reference the license needed to operate a continuum of care facility as required by the *Continuum of Care and Assisted Living Act* (63 O.S. § 1–890.1)?

2. Is the phrase: "for a facility ... is a continuum of care retirement community providing housing for the aged" found in 68 O.S. § 2887(8)(b)(1) connected to or a reflection of the definition of 'continuum of care facility' as defined in the *Continuum of Care and Assisted Living Act* as: "a home or establishment or institution providing nursing facilities services, and one or both of the following: a) assisted living center services, and b) adult day care center services"?

3. Does the exemption provided for in 68 O.S. § 2887(8)(b)(1) apply to the area of Montereau Inc.'s continuum of care facility that are used for a purpose other than those set forth in the *Continuum of Care Facility License* issued under Oklahoma law (Title 63 O.S. § 1–890.1 et seq.) To Montereau, Inc.?

4. If the definition of "continuum of care facility" as set forth in the *Continuum of Care and Assisted Living Act*, and if the *Continuum of Care Facility License* issued to Montereau Inc. To operate a continuum of care facility do not encompass independent living apartments and cottages, do such areas of Respondents' property qualify for an exemption under § 2887(8)(b)(1)?

5. Is Assessor prohibited by case law from following the directives of Title 68 O.S. § 2818

The taxpayers filed a response reasserting their arguments made in their summary judgment motion. The cause was assigned to the Court of Civil Appeals on April 4, 2013.

¶ 8 Also on April 4, 2013, the assessor appealed case No. 111,643, Yazel 2, from the Tulsa County District Court.[8] It was filed on July 9, 2012, and it involved the same parties with the addition of similar taxpayer parties. In Yazel 2, the assessor challenged the constitutionality of 68 O.S.2011 § 2887(8)(b)[9] by declaratory judgment action as required by 68 O.S.2011 § 2880.1(A).[10] The trial court certified the question of constitutionality to the Oklahoma Attorney General and expressly invited the Attorney General to intervene on behalf of the State of Oklahoma on September 12, 2012. The Attorney General neither responded nor participated in the proceedings.

¶ 9 However, the record does reflect that on July 17, 2012, counsel for the taxpayers sent a letter to the Tulsa County District Attorney, informing the district attorney of the lawsuits, advising him that the Assessor was represented by "inside counsel" and asking for the district attorney's position on this issue. The district attorney responded by letter dated the same day, stating:

> ... The Legislature recently amended 19 O.S. § 527 to authorize the county assessor to employ general counsel to advise or represent him in the performance of his official duties. Mr. Yazel advised our office on July 6, 2012, that he intended to exercise his rights under the aforementioned statute to have his general counsel, Leisa Weintraub, represent him in the above-referenced matter.
>
> If you have any questions or comments, please contact me.... [11]

Section 527 has not been amended since. Neither the State Attorney General nor the district attorney represented the assessor,

---

to review and determine the taxable status of all property which is claimed for a reason to be exempt from ad valorem taxation?

6. Is Assessor prohibited by case law from modifying a prior determination that a property is exempt from ad valorem taxation under Title 68 O.S. § 2887 if it is discovered that the property is not being used entirely for an exempt purpose provided for in Oklahoma law?

8. The Assessor raised five issues in case No. 111,643 which were as follows:

1. Does Title 68 O.S. § 2887(8)(b) violate the assessment mandate of property for ad valorem taxation purposes as set forth in Okla. Const. Art. X, § 8, by granting an exemption for a continuum of care retirement community facility owned by a 501(c)(3)?

2. Okla. Const. art. V, § 46, prohibits the Legislature from passing any local or special law exempting property from taxation. Does Title 68 O.S. § 2887(8)(b) violate this Article because it applies only to a continuum of care community facility that is owned by a nonprofit entity recognized by the IRS as a Section 501(c)(3) entity, but not to a continuum of care retirement community facility that is owned by any other entity?

3. Okla. Const. art. X, § 5 mandates that taxes shall be uniform upon the same class of subjects. Does Title 68 O.S. § 2887(8)(b) violate this directive by providing an exemption for a continuum of care retirement community facility that is owned by a Section 501(c)(3) entity, but not for a continuum of care retirement community facility that is owned by any other entity?

4. Okla. Const. art. V, Section 50 specifically prohibits the Legislature from passing any law exempting any property within the State from taxation except as otherwise provided in the Constitution. Does Title 68 O.S. § 2887(8)(b) improperly create a special exemption for a continuum of care retirement community facility owned by a 501(c)(3) entity?

5. Does Title 68 O.S. § 2887(8)(b) violate Okla. Const. art. X, § 6 by creating an exemption that is not based on whether the use of continuum of care facility is dedicated and devoted to charitable purposes, but instead allows an exemption based merely on the classification of property as a continuum of care facility and the 501(c)(3) status of the owner?

9. Title 68 O.S.2011 § 2887(8)(b), see note 2, supra.

10. Title 68 O.S.2011 § 2880.1(A), see note 4, supra.

11. Title 19 O.S. Supp.2005 § 527 provides:

> The sheriff, treasurer or assessor in a county shall have the authority to employ a general counsel, either in-house as a staff attorney or through an outside law firm, to advise or represent that officer and his or her office in the performance of the official duties of that office. The Board of County Commissioners shall approve all contracts for outside counsel. A general counsel employed pursuant to this section shall be compensated from the funds of the employing county office.

and the cause culminated in a final order on March 11, 2013 which granted summary judgment in favor of the respondents and against the assessor. Yazel 2 was made a companion case to this cause on April 8, 2013.

¶ 10 On June 17, 2013, the Court of Civil Appeals issued an order in both cases directing the assessor to show cause why the appeals should not be dismissed for violation of 68 O.S.2011 § 2880.1(D) [12] because the assessor was not represented by either the district attorney or the Oklahoma Tax Commission. Both the assessor and the respondents responded to the show cause order. The assessor argued that he was not required to be represented by the district attorney or the Oklahoma Tax Commission. The respondents argue that the cause must be dismissed because the district attorney or tax commission was not representing the assessor on appeal. On September 26, 2013, the Court of Civil Appeals issued an unpublished opinion in which it dismissed the appeal in this cause because neither the district attorney nor an attorney from the Oklahoma Tax Commission appeared on behalf of the assessor. It also issued an order in Appeal No. 111,643 dismissing that cause for the same reason.

¶ 11 On October 16, 2013, the assessor filed for certiorari in this Court, arguing that the Court of Civil Appeals had misconstrued the § 2880.1(D) and ignored the application of 19 O.S.2011 § 527 [13] which expressly allows a county assessor to hire counsel to represent the assessor in the official duties of office. On November 18, 2013, the County Assessors Association of Oklahoma and the County Officers and Deputies Association of Oklahoma filed an amicus curiae statement in support of certiorari. We granted leave to file the amicus curiae briefs and certiorari in both companion cases on March 24, 2014, to address the issue of first impression.

## COUNTY ASSESSORS MAY EMPLOY COUNSEL TO REPRESENT THEM IN COURT PROCEEDINGS INCLUDING APPEALS FROM THE BOARD OF EQUALIZATION.

■ ¶ 12 The taxpayers argue that the district attorney and/or counsel from the Oklahoma Tax Commission have a mandatory duty to represent the assessor. They also insist that use of the word "duty" in 19 O.S.2011 § 527 unambiguously and clearly means that **only** the district attorney or counsel from the Oklahoma Tax Commission may represent the assessor in a proceeding such as this in the district court.[14]

¶ 13 The assessor does not dispute that when requested, the district attorney or Oklahoma Tax Commission has a duty to represent an assessor. However, the assessor contends that the taxpayers' construction of § 527 is inconsistent with the entire statutory scheme regarding the ability of county officials to hire private counsel. The amicus curiae contend that following the taxpayers' construction of the statute would significantly impact the ability of assessors to effectively and efficiently provide revenue to counties across Oklahoma.

¶ 14 The Oklahoma Constitution grants counties the power of assessment and collection. It provides in art. 10, § 20:

The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes.

Pursuant to 19 O.S.2011 § 1,[15] counties are granted the right to sue and be sued and

---

12. Title 68 O.S.2011 § 2880.1(D). see note 1, supra.

13. Title 19 O.S.2011 § 527 provides:
    The sheriff, treasurer or assessor in a county shall have the authority to employ a general counsel, either in-house as a staff attorney or through an outside law firm, to advise or represent that officer and his or her office in the performance of the official duties of that office. The Board of County Commissioners shall approve all contracts for outside counsel. A general counsel employed pursuant to this section shall be compensated from the funds of the employing county office.

14. Title 19 O.S.2011 § 527, see note 13, supra.

15. Title 19 O.S.2011 § 1 provides in pertinent part:
    Each organized county within the state shall be a body corporate and politic and as such shall be empowered for the following purposes:

pursuant to 19 O.S.2011 §§ 215.4,[16] 215.25 [17]

1. To sue and be sued; ...

16. Title 19 O.S.2011 § 215.4 provides:
The district attorney, assistant district attorneys, or special assistant district attorneys authorized by subsection C of Section 215.37M of this title, shall appear in all trial courts and prosecute all actions for crime committed in the district, whether the venue is changed or not; the district attorney or assistant district attorneys shall prosecute or defend · in all courts, state and federal, in any county in this state, all civil actions or proceedings in which any county in the district is interested, **or a party unless representation for the county is provided pursuant to subsection A of Section 215.37M of this title;** and the district attorney or assistant district attorneys shall assist the grand jury, if required, pursuant to Section 215.13 of this title. The district attorney may at all times request the assistance of district attorneys, assistant district attorneys, district attorney investigators from other districts, or any attorney employed by the District Attorneys Council who then may appear and assist in the prosecution of actions for crime or assist in investigation of crime in like manner as assistants or investigators in the district. (Emphasis supplied) ·

17. Title 19 O.S.2011 § 215.25 provides: ' ··
A. Except as otherwise provided in this section, in the event an action is brought against a county employee in any civil action or special proceeding in the courts of this state or of the United States by reason of any act done or omitted in good faith in the course of employment, it is the duty of the district attorney for that county, when requested in writing by the employee, to appear and defend the action or proceeding in his behalf. Such written request shall be made within fifteen (15) days after service of summons on the employee and a copy of the request shall be transmitted by the employee to his immediate supervisor and the district attorney. .
B. The district attorney shall not represent a county employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding. .
C. The district attorney may intervene in any such action or proceeding and appear on behalf of any county within his district, or any of its officers or employees, where he deems the state to have an interest in the subject matter of the litigation. '
D. The district attorney shall determine the method of preparation and presentation of such defense. The district attorney or other legal officer under his direction shall not be held civilly liable for the exercise of such discretion. '
E. The employee named in the action may employ private counsel at his own expense to assist in his defense. .

and 215.37M,[18] they have the right to obtain

F. Any officer or employee who acts outside of the scope of his official authority shall be liable in damages in the same manner as any private citizen.
G. **The district attorney's duty to represent county officers and employees pursuant to this section shall be fulfilled if a contract for such representation is entered into pursuant to subsection B of Section 215.37M of this title.**
H. In any proceeding in which a county officer brings an action against another county officer, the district attorney shall not represent either county officer in the action. (Emphasis supplied.) .

18. Title 19 O.S.2011 § 215.37M provides:

A. If the district attorney and the board of county commissioners of any county agree, **legal representation in any civil case in which the county is interested or a party and the district attorney is required to represent the county pursuant to Section 215.4 of this title may be provided by contract with a private attorney.** The costs of such contract shall be paid by the board of county commissioners out of its account for general government operation, or other account, as may be appropriate.
B. If the district attorney and the board of county commissioners of any county agree, **legal representation in any civil case in which a county officer or employee is a party and the district attorney is required to represent the county pursuant to Section 215.25 of this title may be provided by contract with a private attorney.** The costs of such contract shall be paid by the board of county commissioners out of its account for general government operation, or other account, as may be appropriate.
C. If a district attorney and the District Attorneys Council agree, prosecution of any criminal matter may be provided by contract with an attorney not employed by a district attorney, who shall be designated as a special assistant district attorney, if the case load of the office of the district attorney is such that adequate representation of the interest of the state is not possible without appointment of one or more special assistant district attorneys. The special assistant district attorney shall be appointed by the district attorney. The special assistant district attorney may serve with or without compensation, however, compensation shall be allowed only if the cost of compensation can be paid out of funds for the current fiscal year, designated for the salaries and operating expenses, for the office of the district attorney requesting the appointment or appointments. No supplemental appropriations shall be authorized for appointment of special assistant district attorneys.
D. If the district attorney and the board of education of any school district agree, **legal representation in any ad valorem tax matter in which the district attorney is required to rep-**

private counsel to represent them in any civil actions or proceedings which any county in the district is interested. County officials are also entitled to receive advice and opinions from district attorneys.[19]

¶ 15 The tax collecting authority of the county is critical to the operation of the State.[20] The necessity of county collections was discussed by the Court in *Webster v. Morris*, 1928 OK 84, 129 Okla. 145, 264 P. 190, a case involving the enforcement of tax collections and the county excise board's participation. The Court explained:

... Government is not supported by voluntary donations from its citizenship. County and state governments of Oklahoma, together with the municipalities thereof, are almost wholly dependent for their sustenance upon the enforcement of collecting taxes levied and assessed against real and personal property. If this system breaks down through the want of administrative force, or inaction, the effect will be to impair and paralyze the functions of government in this state. . . .

'What method shall be devised for the collection of a tax, the Legislature must determine, subject only to such rules, limitations, and restraints as the Constitution of the state may have imposed.' Cooley's Constitutional Limitations (7th Ed.) 748. . . .

In this state the counties are, by statute, made the collecting agencies for taxes levied and assessed against real and personal property. . . .

¶ 16 The *Webster* Court, relying on *Smartt v. Board of Commissioners, Craig County*, 1917 OK 590, 67 Okla. 141, 169 P. 1101, noted

that there are certain other functions of government which are elementary and indestructible, such, as the administration of justice in the courts and the maintenance of a public school system which depend on the performance of mandatory duties by municipal officers. Without the fulfillment of these duties, the life of the state and the security of the citizen would be precarious indeed. The Court also said:

It is obvious that the government itself cannot be long maintained, unless its system of taxation is enforced by its administrative officers · charged with this duty. The state· of· Oklahoma, as heretofore observed, has selected the counties of this state as its agents for the collection of taxes levied· and assessed on an ad valorem basis against real and personal property. The state has also··provided that, in the event taxes are not paid on real estate, such taxes may be enforced by a resale of said property, and the state has also imposed upon the counties the cost of publishing notices of resale. As heretofore pointed out, the levying and collection of taxes are always necessary for the support and maintenance of government, and the final enforcement of collecting taxes through a mandatory process is as essential to the government as the levy itself; and, moreover, if one citizen pays the taxes levied against his property, while another fails to do so, it creates an unequal burden on the citizen that pays. The obligation of the county to provide a reasonable and necessary estimate to pay the cost of notices for resale of real estate cannot be escaped by the county. It is an obligation

---

resent the school district may be assisted by an attorney employed or retained by the school district. The board of education is authorized to pay the costs of such representation out of its account for general government operation, or other account, as may be appropriate. However, this subsection shall not be construed to permit à school district or any other entity to be a party to the proceeding or give standing to such entity to be a party to the civil case in which the county is interested. (Emphasis supplied.)

19. Title 19 O.S.2011 § 215.5 provides:
The district attorney or his assistants shall give opinion and advice to the board of county

commissioners, and other civil officers of his counties when requested by such officers and boards, upon all matters in which any of the counties of his district are interested, or relating to the duties of such boards or officers in which the state or counties may have an interest.

20. *Glass v. Carmelite Sisters of St. Therese of the Infant Jésus*, 1972 OK 60, ¶ 12, 496 P.2d 798 [Heavy responsibilities in the assessment of property for ad valorem taxes are placed upon the tax assessor. The assessor is the county officer who is most largely responsible for providing revenue upon an ad valorem tax basis.]

placed upon the county by the state, and the operation and discharge of this duty by the county is as necessary to the sustenance of the county as it is to the state; therefore, the only discretion that may be exercised by the county excise boards of the state, as it relates to the estimate for publishing notices of resale, is the amount that will be reasonably necessary for such purpose.

¶ 17 It is from within this framework which this case must be decided. In 1989, with an effective date of 1992, the Legislature renumbered and overhauled the ad valorem taxation statutes.[21] Title 68 O.S.2011 § 2880.1(D) was included in this from a prior version in the tax code, and it was last amended with inconsequential changes in 1998.[22] It unambiguously provides a *duty* for the district attorney to represent the county assessor. However, omitted from the statute is clear direction as to whether this representation is a condition to the assessor proceeding in the courts to fulfil the duties of office, or only if the assessor requests such representation because the assessor has not hired a general counsel pursuant to 19 O.S. 2011 § 527.[23]

¶ 18 The right to appeal a tax assessment has long been recognized by the Legislature.[24] At the same time as the renumbering and revision in 1989, county officials were allowed to hire private counsels as an alternative to district attorney representation.[25]

In 1998, the Legislature, pursuant to 19 O.S. Supp.1998 § 527, expanded legal representation by expressly authorizing the sheriff of a county having a certain population to employ a general counsel to advise and represent the sheriff.[26] Finally, in 2005, this expansion was extended to tax assessors when the Legislature modified the statute to expressly include assessors.[27]

■ ¶ 19 At least far as an individual goes, the right to the assistance of legal counsel includes the right to be represented by a legal practitioner of one's own choosing.[28] Legal practitioners are not interchangeable commodities.[29] Personal qualities and professional abilities differ from one attorney to another, making the choice of a lawyer critical both in terms of the quality of the attorney-client relationship and the type and skillfulness of the professional services to be rendered.[30] The Legislature recognized this as an important right to be extended to certain state and county office holders such as the Assessor when it amended § 527 in 2005.[31]

¶ 20 A similar rationale was noted in *State of Oklahoma ex. rel. Gene C. Howard v. Oklahoma Corporation Commission*, 1980 OK 96, 614 P.2d 45. Howard involved the question of whether the Attorney General and only the Attorney General could represent the Oklahoma Corporation Commission in court proceedings. By statute, the duty of the Attorney General included appearing on

21. See, 68 O.S.1981 §§ 2401 *et. seq.* which as either repealed in 1988 to be effective in 1992 and replaced with 68 O.S. Supp.1988 §§ 2801 *et seq.*, also made effective in 1992.

22. The current version of 68 O.S.2011 § 2880.1 has remained unchanged since 1998, the original version did not contain a provision relating to constitutional challenges and requests for declaratory judgments.

23. Title 19 O.S.2011 § 527, see note 13, supra.

24. See, 68 O.S.1941 § 15.42 which expressly allowed assessors to appeal orders of County Boards of Equalization to district court.

25. See, 19 O.S. Supp.1992 § 215.4, 215.25 and 215.37m which were all either amended or created by H.B. 2425 c. 316 §§ 59–61 effective July 1, 1992.

26. Title 19 O.S. Supp.1998 § 527 provided:

The sheriff in a county having a population of at least four hundred fifty thousand (450,000) persons according to the latest Federal Decennial Census shall have the authority to employ a general counsel to advise or represent the sheriff and the office of the sheriff in the performance of the official duties of that office.

27. Title 57 O.S. Supp.2005 § 527, see page 8, supra. The statute has not been amended since.

28. *Towne v. Hubbard*, 2000 OK 30, ¶ 14, 3 P.3d 154.

29. *Towne v. Hubbard*, see note 28, supra.

30. *Towne v. Hubbard*, see note 28, supra.

31. Title 19 O.S. Supp.2005 § 527, see note 11, supra.

behalf of the state, as well as the right to designate counsel of the Corporation Commission as a legal representative with consultation and advice from the Attorney General.

¶ 21 The question became whether the Corporation Commission's staff attorneys independently and absent "consultation and advising with the Attorney General" could appear and defend the Commission, especially when the Attorney General had yet to participate in the case. While the Court concluded that the Attorney General could appear on behalf of the state to represent those with like views, the Corporation Commission was also entitled to appear and defend itself.

¶ 22 The Court noted that: 1) the Oklahoma Constitution did not bar the Commission's attorneys from appearing for it; [32] 2) implicit in the statutory language was the ability to appoint its own in-house counsel; [33] and 3) "the right to be represented by counsel ordinarily should include the right to

make a choice, if timely exercised, of attorneys whose views are consonant with one's own or who at least will present the client's interests." [34]

■ ¶ 23 The Legislature amended 19 O.S.2011 § 527 nearly 9 years after it enacted 68 O.S.2011 § 2880.1(D). The Legislature obviously recognized that because county assessors must fulfill their duties of office, allowing the assessor to hire counsel, or be represented by a district attorney, or the Oklahoma Tax Commission would ease an assessor's ability to fulfill statutorily mandated duties. This conclusion is consistent with all of.the statutory enactments which allow county officials to hire and be represented by private counsel of their choosing,[35] and with other cases which have previously been brought to this Court by lawyers hired by county assessors, rather than district attor-

---

**32.** The Oklahoma Const. art. IX, § 20 provides:

From any action of the Corporation Commission prescribing rates, charges, services, practices, rules or regulations of any public utility or public service corporation, or any individual, person, firm, corporation, receiver or trustee engaged in the public utility business, an appeal may be taken by any party affected, or by any person deeming himself aggrieved by any such action, or by the State, directly to the Supreme Court of the State of Oklahoma, in the manner and in the same time in which appeals may be taken to the Supreme Court from the District Courts, except that such an appeal shall be of right, and the Supreme Court may provide by rule for proceedings in the matter of appeals in any particular in which the existing rules of law are inapplicable. If such appeal be taken by the public utility or public service corporation affected by any such action, the State of Oklahoma shall be made the appellee, but in other appeals hereunder, the public utility or public service corporation affected shall be made the appellee.

An appeal from an order of the Corporation Commission affecting the rates, charges, services, practices, rules or regulations of public utilities, or public service corporations, shall be to the Supreme Court only, and in all appeals to which the State is a party it shall be represented by the Attorney for the Corporation Commission, and the Attorney General, or his duly authorized representative.

The Supreme Court's review of appealable orders of the Corporation Commission shall be judicial only, and in all appeals involving an asserted violation of any right of the parties

under the Constitution of the United States or the Constitution of the State of Oklahoma, the Court shall exercise its own independent judgment as to both the law and the facts. In all other appeals from orders of the Corporation Commission the review by the Supreme Court shall not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. Upon review, the Supreme Court shall enter judgment, either affirming or reversing the order of the Commission appealed from.

No court of this State, except the Supreme Court, shall have jurisdiction to review, affirm, reverse, or remand any action of the Corporation Commission with respect to the rates, charges, services, practices, rules or regulations of public utilities, or of public service corporations, or to suspend or delay the execution or operation thereof, or to enjoin, reverse, or interfere with the Corporation Commission in the performance of its official duties; provided, however, that writs of mandamus or prohibition shall lie from the Supreme Court to the Corporation Commission in all cases where such writs respectively would lie to any inferior court or officer.

**33.** See, 74 O.S.1971 § 18c.

**34.** *State of Oklahoma ex. rel. Gene C. Howard v. Oklahoma Corporation Commission,* 1980 OK 96, ¶¶ 22–23, 614 P.2d 45.

**35.** Title 19 O.S.2011 §§ 215.4, 215.25 and 215.37M, see notes 14, 15, and 16, respectively.

neys or tax commission counsel.[36] It also tracks the rationale of *State of Oklahoma ex. rel. Gene C. Howard v. Oklahoma Corporation Commission*, 1980 OK 96, 614 P.2d 45. Accordingly, we hold that county assessors may employ counsel to represent them in court proceedings including appeals from the Board of Equalization.

## CONCLUSION

¶ 24 Statutory intent is ascertained from the whole act considering its general purpose and objective with relevant provisions together to give full force and effect to each.[37] The Court presumes that the Legislature expressed its intent and that it intended what it expressed.[38] Statutes are interpreted to attain that purpose and end championing the broad public policy purposes underlying them.[39] Only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed.[40]

¶ 25 The legislature has expressly recognized in multiple statutes that because county assessors must levy, assess, and collect taxes owed to fulfill their duties of office, allowing the assessor to hire counsel, or be represented by a district attorney or the Oklahoma Tax Commission would ease an assessor's burden in fulfilling statutorily mandated duties. This intent is obvious, considering the purpose and objectives of the plain language in the applicable statutes, as well as the evolution in the law as it relates to county assessors' legal representation. Because the Court of Civil Appeals dismissed

the cause, rather than address the merits of the appeal, the cause is reversed and remanded to the Court of Civil Appeals for further proceedings consistent with this opinion.

**COURT OF CIVIL APPEALS OPINION VACATED; CAUSE REMANDED TO THE COURT OF CIVIL APPEALS FOR FURTHER PROCEEDINGS.**

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, TAYLOR, COMBS, GURICH, JJ., concur.

WINCHESTER, J., dissents.

**36.** *AOF/Shadybrook Affordable Housing Corp. v. Yazel*, 2012 OK 59, 282 P.3d 775; *Assessor of Roger Mills County v. Unit Drilling Co.*, 2011 OK 4, 247 P.3d 1170; *In the Matter of the 2005 Tax Assessment of Real Property*, 2008 OK 7, 187 P.3d 196; *In the Matter of the Assessment for the Year 2000 of Certain Property*, 2001 OK 116, 38 P.3d 900.

**37.** *Jones v. State of Oklahoma ex rel. Office of Juvenile Affairs*, 2011 OK 105, ¶ 15, 268 P.3d 72; *Clifton v. Clifton*, 1990 OK 88, ¶ 7, 801 P.2d 693, 696, *Maule v. Indep. Sch. Dist. of Tulsa Cnty.*, 1985 OK 110, ¶ 11, 714 P.2d 198, 203, *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Comm'n*, 1988 OK 117, ¶ 7, 764 P.2d 172, 179.

**38.** *Jones v. State of Oklahoma ex rel. Office of Juvenile Affairs*, see note ——, supra; *King v. King*, 2005 OK 4, ¶ 22, 107 P.3d 570, *Fuller v. Odom*, 1987 OK 64, ¶ 4, 741 P.2d 449, 453; *Darnell v. Chrysler Corp.*, 1984 OK 57, ¶ 5, 687 P.2d 132, 134.

**39.** *Jones v. State of Oklahoma ex rel. Office of Juvenile Affairs*, see note 36, supra.

**40.** *Jones v. State of Oklahoma ex rel. Office of Juvenile Affairs*, see note 36, supra; See *King v. King*, at ¶ 22 see note 18 supra, *Haggard v. Haggard*, 1998 OK 124, ¶ 1, 975 P.2d 439, 442; *Price v. Southwestern Bell Tel. Co.*, 1991 OK 50, ¶ 7, 812 P.2d 1355, 1358.